## The Ohio and Mississippi Railroad Company, Appellant, *v.* Lawrence County, Appellee.

### APPEAL FROM LAWRENCE.

A railroad company cannot appeal to the Circuit Court from an assessment of its property for taxation by a board of supervisors. If any remedy exists, it may be by *certiorari.*

The provision of the constitution granting the right of appeal, needs legislative action to make it available.

The Ohio and Mississippi Railroad Company filed with the clerk of Lawrence county, Illinois, its schedule of property, with valuation, for the year 1859.

At the December term, 1859, of the board of supervisors for that county, the board, regarding the valuation of the company as too low, increased, by more than double, the valuation, and so notified the company.

The company applied for a hearing and a reduction, at a meeting of the board granted for the purpose. The board refused the reduction asked, and affirmed the order increasing the valuation; whereupon the company prayed an appeal to the Circuit Court of Lawrence county, and filed bond, which was approved.

At the September term, 1860, of the Circuit Court of Lawrence county, the cause was tried by the court without a jury. After hearing evidence as to value of property, and argument, the court took the case under advisement, reserving its decision until the April term, 1861, of the court.

At the April term, 1861, motion was made by counsel for the board of supervisors to dismiss the cause for want of jurisdiction, and thereupon the court allowed the motion and dismissed the cause. It should be stated that counsel for the board at the first term of the docketing of the cause, moved to dismiss for want of jurisdiction; which motion, after argument, and time taken for deliberation by the court, was overruled, and the cause set down for trial.

The error assigned is, the dismissal of the cause for want of jurisdiction.

W. Homes, for Appellant.

Tanner & Casey, for Appellee.

WALKER, J. This record presents but a single question. That is, whether a railroad company may appeal from an assessment of its property for taxation by the board of supervisors, to the Circuit Court. The ninth section of the revenue law of the 27th February, 1847, (Scates' Comp. 1010), gives the right of appeal from an application to the Commissioners' Court, for a reduction of the valuation on an assessment. That section also requires the Circuit Court trying the appeal to hear the evidence, and if too high, make the proper reduction, which shall be certified to the collector by the clerk of that court. The thirty-fourth section of the revenue law of 12th Feb., 1853, (Scates' Comp. 1040), provides that in an application for this purpose, to the County Court, if the court shall hold that the property is not liable to taxation, it shall not be final unless approved by the auditor. If he shall, however, be dissatisfied with the decision of the County Court, he may give notice to the county clerk, and apply to this court for an order to set aside and vacate the order of the County Court. The thirty-third section of the revenue law, (Scates' Comp. 1057,) applicable to counties under township organization, contains substantially the same provisions.

It will be perceived that the act of February, 1853, gives the right to apply to the County Court for a reduction of the valuation, and for an abatement on property not liable for assessment. If the court holds the property exempt, then application may be made to the Supreme Court to vacate the order of the County Court. But it will be observed that there is no provision for an application to this or any other court, in reference to an over valuation on an assessment. This then leaves the right to appeal to the Circuit Court, as given by the act of February, 1847, unrepealed.

It however remains to determine whether an appeal is allowed in such a case from an over valuation in a county acting under township organization. The thirty-second section of the revenue act, (Scates' Comp. 1056), in force in such counties, provides that on the last Saturday in June the assessor, town clerk and supervisor, shall attend at the office of the town clerk for the purpose of reviewing the assessment list, and when any person objecting thereto shall make an affidavit that his property is of the value of a specified sum, the assessor shall reduce the same to the sum specified. This section contains no provision for an appeal from the decision of the board, either to the board of supervisors, or Circuit Court. But if the board were to refuse to make the reduction, we are inclined to think that the decision could be reviewed on a *certiorari*.

When the legislature conferred the duty of making the assessment of railroad property, on the board of supervisors, (Scates' Comp. 1105), they substituted that body for the assessor. And when it required the board to give the road notice of any change they might make in the lists furnished, it was no doubt to enable them to apply to the supervisors for a reduction, as they might have done to the board of auditors, before the adoption of this enactment. When the law was changed, exempting the roads from returning a list to the assessor, and requiring it to be furnished to the county clerk, as the basis of an assessment by the board of supervisors, it could not have been designed to deprive the roads of any right they previously enjoyed. And by substituting the board of supervisors first as the assessor, and then as the board of auditors, the assessment of their property could be more conveniently and uniformly made in the county, and still have the same means of redress as if the change had not been made.

It is however urged, that our constitution has, by the 8th section, article 5, conferred jurisdiction upon the Circuit Courts in all cases of appeals from inferior courts, and that the right exists in this case by force of that provision. As a general proposition, subject, however, to some exceptions, it may be safely asserted, that the constitution cannot execute its own provisions, independent of legislative enactment. In this case it no doubt not only authorizes but requires the General Assembly to make all necessary provisions to carry this requirement into effect. If, independent of legislation, an appeal were attempted, it would be found that innumerable difficulties would be presented to its accomplishment. If this constitutional provision stood alone, unaided by legislation, and an appeal were attempted, how could it be perfected? Would it be accomplished by simply filing a transcript of the record in the superior court; or would bond, with security have to be given? If so, in what sum, with what conditions? Which court should impose them? Within what time would it have to be prayed and perfected? And when in the appellate court how would the trial be had, on the transcript or *de novo* on the merits? It will be readily perceived that these form not a few of the obstacles, that present themselves at the very threshold of this question.

From these considerations it appears to be perfectly apparent that this provision of the constitution cannot be carried into effect unaided by legislative enactment. Then an appeal in this case cannot exist for want of legislative action. Until the legislature by a late enactment gave the right, it did not

exist, or if it did, it was in so imperfect a condition that courts were unable to recognize and enforce it.

It was again urged, that this court had recognized the right. Upon examination it will be found that where a new jurisdiction has been conferred upon a court, from which under general laws a party might appeal to a superior court, that the legislature intended also to confer the right of appeal. Or in cases where the law not having given an appeal, the question was not raised in this court. We have been referred to no decision, nor are we aware of any, which holds that under this constitutional provision an appeal may be prosecuted although unprovided for by statute. Nor is the right of appeal recognized by the common law. It is the creature of statutory enactment. We are therefore of the opinion that the appellant could only, if at all, be relieved by writ of *certiorari*, and that the appeal was improperly taken, and the court below did right in dismissing it. The judgment of the court below is affirmed.

*Judgment affirmed.*