Henry McKoy *et al.*

*v.*

Gerard B. Allen.

1. Forcible entry and detainer — *appeal in, enables party to take advantage of defective appeal bond.* As the Circuit Court has no original jurisdiction in an action of forcible entry and detainer, the appearance of a party in that court, when the case is there by appeal, does not prevent him from taking advantage of defects in the appeal bond.

2. Appeal in — *when to be dismissed.* For substantial defects in the bond, if no motion be made for leave to file a sufficient bond, it is right to dismiss the appeal when the cause is called for trial.

3. Same — *when no leave asked to file sufficient bond.* The bond, in this case, was not a substantial compliance with the statute, and the appeal was properly dismissed, no leave being asked to file a sufficient bond.

Appeal from the Circuit Court of Christian county; the Hon. E. Y. Rice, Judge, presiding.

The nature of this case is fully stated in the opinion of the court.

Messrs. Henry & Read, for the Appellants, contended, in substance, that as the appeal was taken under the provisions of the fifth and sixth sections of ch. 43, title " Forcible Entry and Detainer," Scates' Comp. 521, 522, and as the fifth section provides " that appeals may be taken to the Circuit Court in the same manner and tried in the same way as appeals from justices of the peace in other cases, this gave the Circuit Court appellate jurisdiction over the subject-matter, and the entry of the appearance of the appellee gave the court jurisdiction of the person, and the court should have tried the case *de novo.*

In the case of *Randolph County* v. *Ralls*, 18 Ill. 30, this court held, .that where the appellate court had jurisdiction of the subject-matter, " it would be trifling with courts and the rights of parties, to permit suitors, after voluntarily appearing, to avail themselves of objections to the preliminary proceedings, by which the cause or the parties were in court, and that dilatory matters may and are deemed to be waived by full appearance."

They also cited *Shook* v. *Thomas*, 21 Ill. 90 ; *Roberts, impl., etc.* v. *Thomson*, 28 Ill. 80 ; *Abbott et al.* v. *Semple*, 25 Ill. 108 ; *Pearce* v. *Swan*, 1 Scam. 266 ; *Easton* v. *Altum*, 1 Scam. 250.

They also urged that in the case of *Mitchell* v. *Jacobs et al.*, 17 Ill. 236, where it was said that " taking the appeal, executing the bond, and delivering the papers to the Circuit Court, are means provided by law for transferring the cause from a justice of the peace to the Circuit Court," these means are in the nature of process to remove the cause from the inferior to the superior court, and that the rule is well settled, that if a party appears to a cause for any purpose, except to object to process or service, he waives all objections thereto, although the process may be void, or there may have been no service.

They insisted that these cases were decisive of this question, and that none could be found that seem to militate against this view where the common law practice is in force.

They insisted, also, that the bond was sufficient under the 6th section of the statute which provides, that " if the defend-

ant or defendants appeal, he or they shall also insert in the appeal bond, a clause conditioned for the payment of all rents becoming due, if any, from the commencement of the suit until the final determination thereof."

This bond, they contended, was a substantial compliance with this provision of the statute, that it was at least as broad and comprehensive in its terms as though it had been in the exact language of the statute, and that courts do not look with favor upon formal technical objections that do not go to the merits of the cause; and they insisted, that it was not such an objection as would turn the party out of court, but that the bond was amendable.

Messrs. VANDEVEER & W. H. UNDERWOOD, argued, for the Appellee, that the court decided correctly in dismissing the appeal —

Because the sureties to the bond were insufficient.

Because the judgment and subject-matter thereof, and kind of action, are not described in the bond.

Because there is no provision in the bond " for the payment of all rents becoming due, if any, from the commencement of the suit until the final determination thereof," or to any person, as required by section 6, R. S. of 1845, p. 257.

There should have been a bill of exceptions to show the ground of the court in dismissing the appeal, and the fact that appellant objected thereto or asked leave to file a new bond. *Hunter* v. *Ladd*, 1 Scam. 551; *Brown* v. *Keirns*, 13 Ill. 296—298; *Edwards* v. *Vandemack*, 13 Ill. 633.

The Circuit Court had no original jurisdiction of forcible entry and detainer.   *Ginn* v. *Rogers*, 4 Gilm. 134.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of forcible entry and detainer, brought before a justice of the peace in Christian county, and taken by appeal to the Circuit Court.   In that court, the appellee, Allen, entered his motion to dismiss the appeal for insufficiency of the

bond, which motion was allowed, and this is assigned here as error.

The statute provides, if either party in a case of forcible entry and detainer, shall feel aggrieved by the verdict of the jury or the decision of the justice on any trial, etc., he or she may have an appeal to the Circuit Court, to be obtained in the same manner and tried in the same way as appeals from justices of the peace in other cases ; and there shall be inserted in the appeal bond, a clause conditioned for the payment of all rents becoming due, if any, from the commencement of the suit until the final determination thereof. Scates' Comp. 522.

The penalty of the bond in this case was three hundred dollars, with this condition : " That whereas the said Gerard B. Allen did, on the 23rd of March, 1864, before L. L. Clark, a justice of the peace, recover a judgment against the above bounden Henry McKoy and Eli Jacobs in said proceedings for the sum of ——— dollars and cents, and costs of suit, from which said judgment the said McKoy and Jacobs shall prose-cute said appeal with effect, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, and shall pay whatever rents, if any, upon the property in said suit decided to be in plaintiff, or that he be entitled to possession, then the above obligation to be void, otherwise to remain in full force and effect."

The defects in this bond are so very apparent that it can hardly be regarded as a bond in the case. It is not a substantial compliance with the statute. The kind of action is not described in the bond, nor the amount or substance of the recovery. A very necessary and most important requirement of the statute is wholly omitted, that is, the provision " for the payment of all rents becoming due, if any, from the commencement of the suit until the final determination thereof."

The appellant insists it was not competent for the appellee to make this objection, as he was in court by his appearance, and that the mode in which a suit is brought into court is of no importance provided the defendant appears. As a general principle, this may be so in all cases where the court has original

jurisdiction of the subject-matter. If it has such jurisdiction, appearance cures defective and even void process. Where it has not such jurisdiction, consent cannot give it by appearing and pleading.

In this case, the Circuit Court had no original jurisdiction of the action of forcible entry and detainer, but appellate only. *Ginn* v. *Rogers,* 4 Gilm. 131. Consequently, it was the imperative duty of the appellant to bring his case properly into the Circuit Court, by executing such a bond as the statute requires. Not having done so, and having made no motion to amend his defective bond, the Circuit Court could do no otherwise than allow the motion to dismiss the appeal.

The cases referred to by appellants' counsel, are all cases in which the Circuit Court had original jurisdiction of the subject-matter of the action.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*