## JOSEPH RIDER

*v.*

## ELISHA BAGLEY.

1. AMENDMENT—*of an appeal bond, in an action of forcible entry and detainer.* The act of 1853, which allows, on an appeal from a justice of the peace, the amendment of an appeal bond which may be found to be defective, has reference to all appeals from justices of the peace, without reference to the character of the subject matter in litigation, and, therefore, embraces an action of forcible entry and detainer.

2. CONTINUANCE—*in such case—of an additional bond.* Where the defendant, in an action of forcible entry and detainer, appeals from the judgment of a justice of the peace to the circuit court, within such time that the cause will not stand for trial at the first term of the court, the court may require the party taking the appeal, to file a bond in addition to the appeal bond, to secure the rents which may accrue between that term and the term to which the cause is necessarily continued, and on the neglect of the party to comply with the rule in that regard, the court may dismiss the appeal.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts are stated in the opinion.

Messrs. WINKELMAN & DILL, for the appellant.

Mr. W. H. UNDERWOOD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

A judgment, in an action of forcible entry and detainer, was obtained by Elisha Bagley against Joseph S. Rider, before a justice of the peace, in St. Clair county, on the eleventh day of March, 1868, and the defendant, on the same day, prayed an appeal to the circuit court, and on the next day, filed an appeal bond, in the penalty of one hundred and fifty dollars, which was approved by the justice of the peace on that day. The Circuit Court of St. Clair county commenced its session on the sixteenth day of March, and continued in session until the first day of April.

On the 26th day of March, the transcript from the justice of the peace, with the bond entered into by the defendant, and all the papers belonging to the suit, were filed in the circuit court, and on the next day, the plaintiff filed his motion to dismiss the appeal, for the reasons, as he alleged, that the bond was not sufficient, and not in compliance with the statute; that it did not describe the judgment, and that there was no provision in it for the payment of rent. This motion laid over until the first day of April, and was then argued, when the court decided the appeal bond was insufficient; whereupon the defendant asked leave of the court to amend the bond as the court might direct. The court refused leave as asked, but dismissed the appeal, because of the insufficiency of the bond, and awarded a *procedendo*. All this was excepted

to by defendant, and an appeal prayed and allowed to this court.

The principal error assigned, is the refusal of the court below to allow the bond to be amended, followed by a dismissal of the appeal. Did the court err in refusing to allow the bond to be amended, or to allow a new bond to be substituted for the one already given? · It was conceded that this bond was defective in not containing a provision for the payment of rents, as required by the statute, so that no question arises on the sufficiency of the bond.

Section two of the act in relation to appeals from justices of the peace, approved February 9, 1853, (Session Laws, 125) is broad and comprehensive in its terms. It declares, that in all cases of appeal from justices of the peace, mayor of a city, or other officers, no appeal shall be dismissed for any informality in the appeal bond, but it shall be the duty of the court before whom the appeal may be pending, to allow the party to amend, so that a trial may be had on the merits of the case.

Appellee insists that this statute only applies to appeals from suits for fines and penalties, which would seem plausible, as the first section speaks alone of the jurisdiction of justices of the peace, and other officers, over any fine or penalty imposed for violating any law of this State, from judgments for which appeals shall be allowed. We think, however, that such is not the construction generally given since its adoption, nor do we believe it is the true construction. It is entitled " An act in relation to appeals from justices of the peace." The language is broad, and, in terms, embraces all cases of appeals from justices of the peace, mayors, and other officers. It is not limited to the appeals given in the first section. Again, the third section declares that the act shall apply as well to appeals then pending, as to such as might be thereafter taken. This section could not have been intended to apply alone to the character of appeals allowed for the first time by

the first section, as no such appeals were previously allowed to be taken, and could not, therefore, have been pending. The act must, then, have been intended to embrace appeals of a different class, and if so, the language is broad enough to comprehend all appeals from justices of the peace and other officers, without reference to the character of the subject matter in litigation. It must from its terms, comprehend all cases in which the law has given an appeal, and includes, therefore, appeals in cases of forcible entry and detainer.

If we have given the proper construction to this statute, the law was thereby amended so as to allow amendments of appeal bonds in cases of forcible entry and detainer, precisely as in other cases. Under this provision of the statute there would seem to be no distinction in the character of cases in allowing amendments of appeal bonds in the circuit court. It is the right of the appellant, conferred by statute, and of which he cannot be deprived, when he offers to comply with the law in proper time. The court below therefore erred in refusing to permit appellant to amend his appeal bond, as leave was asked in apt time. On such an application, the court has the power to limit the time within which such an amended bond shall be filed to a reasonable period, and on his failing to comply with the rule for such an amended bond, the appeal should be dismissed.

It is also urged, that as the appeal had been taken but five and not ten days before the commencement of the next term of the circuit court, the case did not stand for trial at that term. This, according to the practice in such cases, is true; but the question arises, whether or not the court did not, at the next term, whether the case stood for trial or was continued, have power to require a sufficient bond to indemnify the landlord in all rents which might accrue after perfecting the appeal. When the statute required the defendant, in an action of forcible entry and detainer, on taking an appeal, to insert a clause conditioned for the payment of rents becoming due,

if any, from the commencement of the suit until its final determination, it was designed to secure the landlord in any rents that might accrue pending the litigation ; and the design of the statute would be frustrated, if a defendant should file, and the justice or clerk should approve, a bond without such a clause, unless the court had power, at the next term of the court, to rule appellant to execute such a bond as the statute requires, without reference to whether the case stood for trial at that term. If the court possesses no such power, then appeals in such cases are liable to be attended with great hardship, where the bond is defective in not containing the statutory requirement, and the appeal is not taken ten· days before the next term of the court.

The sixth section of the act of the 16th of February, 1865, (Session Laws, 108,) declares, that in all actions of forcible entry and detainer, or forcible detainer, when an appeal is taken to the circuit court by the defendant, the justice of the peace or the clerk with whom the appeal bond is filed, shall, by the affidavit of the defendant and a householder, ascertain the monthly and yearly value of the rent of the premises in controversy, and require the appeal bond to be for double the amount of such rent appearing from such affidavits, to be due from the commencement of the suit until the next term of the circuit court to which the appeal is taken ; and at the next, or any subsequent term of the circuit court, the judge may, if the cause is continued, require a new bond to be given by the defendant, to further secure the rent. Under this enactment, there would seem to be no doubt that the circuit court had power to require the defendant to give a new bond, whether the cause stood for trial or not, if a continuance ensued. In this case, the appeal was taken by the defendant to the circuit court, and owing to the fact that the appeal was not taken ten days before the term, it had to be continued, unless tried by consent of parties, hence it was within this provision of the statute. The court, therefore, had power to rule the defendant

47—47TH ILLS.

to. file a sufficient bond to further secure the rent, even if the first bond had not been defective, and on failing to comply with the rule, the power to dismiss the appeal follows as a necessary consequence.

But for the error indicated, the judgment of the court below, in dismissing the appeal, must be reversed and the cause remanded.

*Judgment reversed.*