# CYRIL L. WOOD

*v.*

# NATHANIEL S. TUCKER.

1. APPEAL BOND—*in forcible detainer.* Where the defendant appeals
from a judgment against him in forcible detainer, the statute requires that
the appeal bond shall contain a clause, conditioned for the payment of
all rents becoming due, if any, from the commencement of the suit until
the determination thereof. When such bond is conditioned to pay all rents
that may have accrued, and fails to provide for the rents to become due,
it is wholly insufficient.

2. Where a defendant in forcible detainer, under a rule of court to file
a good and sufficient appeal bond by a day named, filed a bond the condi-
tion of which contained no reference to rent of any kind, but had a condi-
tion for the payment of all damages for the wrongful detention of the

premises; and the defendant then filed a second bond under the rule, conditioned for the payment of all rents, costs, and damages for the wrongful detention of the premises: *Held*, that both of such bonds were wholly insufficient, being in no sense a compliance with the statute, either in form or substance.

3. APPEAL—*dismissal for defects in appeal bond.* The circuit court, on appeal from the judgment of a justice of the peace, in an action of forcible detainer, is not concluded by the penalty of the appeal bond as fixed by the justice of the peace or clerk, but may require bond to be filed in a larger sum; and on failure to comply with the rule of the court in that respect, dismiss the appeal.

4. SAME—*power of court in respect to bond.* A bond, defective in substance or form, in all cases of appeal, may be objected to, and if not amended in such time as is fixed by the court, the appeal may be dismissed. And the court has the power to determine the sufficiency of such bond as to form, substance, and the security.

5. EXCEPTION—*dismissal of appeal.* Where an appeal was dismissed for want of a sufficient appeal bond or for failure to file a sufficient bond in compliance with a special rule to file the same by a certain day, but the record failed to show that any exception was taken to the ruling of the court: *Held*, that this court could not reverse the judgment, even had the bond been in compliance with the statute, there being no exception.

APPEAL from the Circuit Court of Peoria county.

Mr. J. S. STARR, and Mr. H. B. HOPKINS, for the appellant.

Messrs. McCULLOCH & STEVENS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of forcible detainer, commenced by appellee, before a justice of the peace of Peoria county, against appellant, to recover a tract of land. On a trial before the justice, appellee recovered judgment for the possession, but appellant removed the case to the circuit court by appeal. At the next term the court, on the motion of appellee, ruled appellant to file an additional bond for rent, in the penal sum of one thousand dollars, on or before a day named. On the day fixed therefor appellant filed a bond to cover damages and costs of suit that might be recovered by appellee. Six days

afterwards he filed another bond in the required sum, conditioned to pay rents, costs, and damages sustained by a wrongful detention of the premises. Seven days afterwards, the court, on the application of appellee, dismissed the appeal for a non-compliance with the rule, and defendant below brings the case, by appeal, to this court.

It is first urged that appellant, having filed an affidavit of himself and a freeholder of the precinct, as required by the statute, and the justice of the peace having fixed the penalty of the bond, the circuit court had no power to revise the action of the justice, and could not require an additional bond in a larger sum, unless the cause should be ·continued, and that the court erred in making the order for an additional bond; that the action of the justice of the peace or circuit clerk in fixing the penalty, under the statute, is final and conclusive.

It has always been the practice in the circuit courts of this State to· require additional security on appeal bonds and to dismiss the appeal on failure to file an additional bond when required. Yet the law authorized the justice of the peace or circuit clerk to approve the security. No one imagines that because the justice or clerk has approved insufficient security, the circuit court is concluded from requiring additional security. The sixty-fifth section of the justice of the peace act, R. S. 325, provides that in any case of appeal from a justice of the peace, if the bond shall be adjudged informal or otherwise insufficient, the appeal shall not be dismissed if the party shall, in a reasonable time, execute and file a sufficient bond. This section confers ample power upon the circuit court to dismiss appeals where the bond is defective, unless it shall be amended. Otherwise the action of the justice of the peace or clerk might work great prejudice to the appellee. If they should approve security wholly insolvent, it would be unjust in the extreme, in many cases, to hold the circuit court has no power to rule appellant to give good security; and yet the law has vested those officers with power

to approve the security, and has not, in terms, authorized the circuit court to review their action in that respect. And yet the courts have held that they have such power, by implication, and its exercise has not been questioned. We are, therefore, clearly of the opinion that, under this provision, the court had power to determine whether the bond was sufficient, and if not, to require a good and proper bond.

A bond defective in substance or form, in all cases of appeal, may be objected to, and, if not amended, the appeal may be dismissed. And the same rule applies to appeals in cases of forcible entry and detainer. *McCoy* v. *Allen*, 36 Ill. 429. And even if the question of leave to amend, in such cases, were only discretionary, still the rule would be the same.

The first appeal bond filed with the clerk of the circuit court was wholly insufficient. The statute requires that the bond shall contain a clause conditioned for the payment of all rents becoming due, if any, from the commencement of the suit until the determination thereof. The bond is only conditioned to prosecute the appeal with effect, and pay and comply with whatever judgment may be rendered by the court on a final hearing, and all rents that " may have accrued from said premises." It fails to provide for the rents to become due after the appeal was taken. It only covered rents that had accrued, and not rents that should subsequently accrue, whilst the law requires the bond to cover both those that had, as well as those that might accrue. There can be no pretense that this bond was a compliance with the statute.

The condition of the first bond given under the rule of court is still more defective, as it contains no reference to rents of any kind. It has a condition for the payment of all damages for the wrongful detention of the premises. But this is a total departure from the requirements of the statute, and is wholly insufficient. The second bond filed in the circuit court is conditioned for the payment of all rents, costs, and damages for the wrongful detention of the premises. This is in no sense a compliance with the statute, either in

substance or in form; an appellee has a right to insist upon a
bond that complies with the statute. He should not be driven
to litigate and settle doubtful legal questions before he can
recover on an appeal bond ; and on a failure of the appellant
to execute such a bond, it becomes the duty of the court,
when asked, to dismiss the appeal. When we see that none
of these bonds comply with the requirements of the statute,
we can only hold that the court acted properly in dismissing
the appeal.

Again, on the dismissal of the appeal, no exception, so far
as we can discover, was taken to the ruling of the court, and
in the absence of such an exception this court could not re-
verse, even if the bond had been in compliance with the stat-
ute.

Perceiving no error in this record, the judgment of the
court below must be affirmed.

*Judgment affirmed.*