BOWLESVILLE MINING AND MANUFACTURING COMPANY

*v.*

THOMAS PULLING.

APPEAL—*from county to circuit court—clerk can not approve bond.* Upon appeal from the county to the circuit court, the court must not only fix the amount of the bond, and its conditions, but must also approve of the security. The court can not delegate the power to approve the security to its clerk, any more than the others. Where the bond is approved by the county clerk, the appeal is properly dismissed. The rule is different in appeals from the circuit court.

APPEAL from the Circuit Court of Gallatin county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. WILLIAM G. BOWMAN, for the appellant.

Mr. E. D. YOUNGBLOOD, for the appellee.

Per CURIAM: This was a suit in the county court of Gallatin county, and appealed to the circuit court  The county court granted an appeal, fixed the penalty of the bond, and the time within which it should be filed, and ordered the clerk to approve the security, which he did. Plaintiff below entered a motion in the circuit court to dismiss the appeal, which was allowed. Appellant did not enter a motion for leave to file a sufficient bond, to be approved by the circuit court, but submitted the motion for decision on the power of the clerk to approve the security. Defendant appeals to this court, and asks a reversal.

It is insisted that the order allowing the county clerk to approve the security is authorized by the 187th section of the act of 1874, regulating courts. (Rev. Stat. p. 344.) It provides that appeals may be taken from the county to the circuit courts in all cases but those excepted in the 188th section, upon the appellant giving bond and security in such amount and upon such conditions as the court shall approve, except as otherwise provided by law. This language requires the court to approve the amount, the security, and the conditions of the bond. It is not one, but all of these, the court is required to approve. The court would have the same power to require the clerk to fix the amount of the bond or its conditions, as to approve the security.

It is only by virtue of the statute that an appeal can be taken in any case, and to be valid the substantial requirements of the enactment must be observed. Whether the power to approve security to such a bond be judicial or ministerial, does not matter, as the law has conferred it on the court, and has failed to authorize it to delegate the power to the clerk or any one else. That the circuit and superior courts may do so, is simply and solely because it is so provided by statute,—otherwise such courts would be powerless to delegate the authority. See *Abraham* v. *Huntington*, 19 Ill. 403.

In this case the clerk had no such power, nor did the order of the court confer it upon him. For the want of such power, and the failure of the court to approve the sureties to the bond, an appeal was not perfected, and the court below did right in dismissing the appeal, and the judgment must be affirmed.

*Judgment affirmed.*