### WASHINGTON HESING

*v.*

### THE ATTORNEY GENERAL *et al.*

*Filed at Springfield September 28, 1882.*

1.   APPEALS—*only a party to the suit can appeal.*   The right of appeal is purely statutory, and there is no statute in this State authorizing an appeal by a person not a party to the suit.

2.   SAME—*in the case of an information, who may appeal.*   Where an information on the relation of a person is dismissed by the Attorney General, or on his motion it is dismissed, without any judgment against the relator for costs, and subsequently a motion by the relator to set aside the order of dismissal, and for the court to direct that the cause be prosecuted, is overruled at his costs, no appeal lies in favor of the relator from the orders of the court, for the reason he is no party complainant or defendant, and is not affected personally by the dismissal.

3.   SAME—*what is a franchise within the statute relating to appeals.*   The word "franchise," as used in the Appellate Court act (sec. 8) in relation to appeals directly from the trial court to this court, does not include liberty or privilege merely, but is there used in the restricted sense of a special privilege conferred by grant from the State or sovereign power, as being something not belonging to the citizen of common right.   No one can have a franchise to be a relator, and to cause a prosecution to be carried on in an information.

4.   INFORMATION—*by whom it may be controlled.*   By the common law the relator in an information can not take any step in the cause in his own name, and independent of the Attorney General.   The Attorney General is

the only person whom the court will recognize, and he may dismiss the proceeding, if he thinks proper, in the discharge of his official duty.

Appeal from the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding.

Mr. Edward Roby, for the appellant.

Mr. Wm. C. Goudy, Mr. Alex. McCoy, and Mr. Francis Adams, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

On the 5th of April, 1882, the Attorney General filed in the office of the clerk of the Superior Court of Cook county an information on the relation of Washington Hesing, against John R. Bensley, the Board of Trade of the city of Chicago, and the city of Chicago, praying that proceedings under a certain ordinance of said city in relation to the vacation of a particularly described portion of La Salle street, in said city, be enjoined, etc. Summons was issued and served, and two days after the filing of the information,—that is, on the 7th of April,—the Attorney General appeared in said Superior Court and withdrew his name from the information, and asked that the suit be dismissed. The court thereupon entered a decree dismissing the suit, but without directing that costs be taxed against the relator. Ten days afterwards,—that is, on the 17th of April,—Washington Hesing appeared in court, and moved that the decree dismissing the suit be set aside, and that the court direct that the cause be prosecuted. This motion the court overruled, and ordered that Hesing pay the costs of the motion, and Hesing thereupon prayed an appeal to this court, and filed bond therefor. Counsel for appellees move to dismiss the appeal for want of jurisdiction in this court to hear the same.

This motion must be sustained. Hesing was neither complainant nor defendant in the information, and no decree

affecting him personally was rendered upon the dismissal thereof. His being relator did not convert a purely public suit into a private one, and entitle him, as against the Attorney General, to prevent its dismissal. No such right is conferred by any statute to which our attention has been directed, and at common law, where the Attorney General proceeded on the information of a relator who sustained and directed the suit, the relator could not take any step in the cause in his own name, and independent of the Attorney General. 1 Daniell's Chancery Practice, (Perkins' ed.) 11, 12. That author cites, in support of this position, *Attorney General* v. *Wright*, 3 Beavan, 447, (43 Eng. Chancery, 447,) and *Attorney General* v. *Barker*, 4 M. & C. 262. In the first named case, notice of motion was given on behalf of a relator, and an objection was made that it ought to have been on behalf of the Attorney General, and Lord LANGDALE decided that the notice was irregular, and said, "that relators should know that they are not parties to informations, and have no right, of their own authority, to make any application to the court. The Attorney General is the only person whom the court recognizes in such cases." In the latter case an information was filed, and Lord COTTENHAM refused to hear the relator in person on behalf of the Attorney General.

In *Attorney General* v. *Ironmongers Company*, 2 Beavan, (17 Eng. Chancery,) 314, *313, information was filed by the Attorney General on the relation of a private party, for the purpose of having a certain fund devised, applied to charitable purposes. On the argument of the case, the Attorney General offered to appear for the trustees of a particular charity, but the Master of the Rolls, Lord LANGDALE, refused to permit him to do so. Among other things, in subsequently commenting upon the Attorney General's relation to the case, he said: "The suit is the suit of the Attorney General, and if he should desire the information to be dismissed, the court must dismiss it accordingly, and it is for him, in the exercise

of his public duty, to determine whether he will proceed at all, and if so, in what manner."

The right of appeal is purely statutory, and no statute exists, of which we are aware, that authorizes an appeal by a person not a party to the suit.

If it shall, however, be conceded that Hesing had the right to appeal from the decision on his motion (which we shall not now discuss), there would still remain the question whether that appeal must be to the Appellate Court, or does it lie to this court. Hesing's counsel, with much ability, ingenuity and elaboration, argue that he has a *franchise* to be a relator, and to cause the prosecution to be carried on in such cases, and that, therefore, he has the right of appeal direct to this court, under section 8 of the Appellate Court act. (Pub. Laws of 1877, 70, 71.) It may be remarked, in passing, that his interest as one of the great public—the people of the State (and he claims no other)—is precisely the same in this case, and in all others of a kindred character, that it is in every instance of the violation of the criminal or penal law. He may file a preliminary affidavit before a justice of the peace that a crime has been committed. He may appear before the grand jury of the proper county and inform that body that a crime has been committed, and furnish the names of witnesses; but if the justice of the peace refuse to issue his warrant, or the grand jury decline to indict, he can not appeal to a higher tribunal, or institute any suit in his own name. His *franchise*, using the word in the sense of "liberty," for which counsel contend, is not to prosecute personally, nor as an individual to control and carry on public prosecutions in the name of the People, but to give information,—to make complaint through the proper officers,—and thereby alone to cause prosecutions to be instituted and carried on through the regularly defined channels, and by the legally constituted agencies and instrumentalities.

In *Board of Trade* v. *The People,* 91 Ill. 80, we held that the word "franchise," as used in the Appellate Court act, *supra,* does not include liberty or privilege merely, but that it is there used in the restricted sense of a special privilege conferred by grant from the State or sovereign power, as being something not belonging to the citizen of common right.

There being no other ground claimed than that a franchise is involved, which would authorize an appeal direct to this court, it follows that the appeal must be dismissed. It should have been taken, if maintainable at all, to the Appellate Court of the proper district.

*Appeal dismissed.*

Mr. Justice Sheldon took no part in the decision of this case.