# NATHANIEL K. FAIRBANK

## v.

# GEORGE W. STREETER.

*Forcible Entry and Detainer Act—Sec. 18—Practice—Appeal.*

1. A party to a suit of forcible entry and detainer before a justice may take his appeal from the finding thereof, either by filing his bond with the justice, and having the justice approve it, or by filing his bond with the clerk of the appellate court, and having it approved by said clerk. The party appealing, in order to have an appeal must file his bond within five days from the rendition of the judgment.

2. While Sec. 19 of the Forcible Detainer Act prescribes the conditions of the bond where the defendant appeals, a bond filed within the time provided, and approved by either the justice or the clerk, will give jurisdiction to the appellate court, even though it fails to contain the conditions in that section specified.

3. While a strict compliance with the statute as to the time within which a bond must be filed, and as to the approval thereof, is required, the rule has never been applied to defects in the bond, such as lack of a seal, or failure to make it in sufficiently large penalty, or to incorporate in it the conditions which the statute directs that it shall contain.

4. A party is not bound to rest satisfied with any bond, whether taken by the justice or the clerk, but may have the amount ascertained and fixed by the court in which the appeal is pending; and if the appellant will not file a bond of the amount so fixed the appeal will be dismissed.

[Opinion filed November 2, 1891.]

APPEAL from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding.

Messrs. HERRICK & ALLEN, for appellant.

Messrs. BLACK & GOODWIN, MILFORD J. THOMPSON and BANGS & BANGS, for the appellee.

MORAN, J. This is an appeal from an order of the court overruling a motion made by appellant, who was plaintiff below, to dismiss the defendant's appeal from the judgment of the justice.

Fairbank v. Streeter.

Appellant had judgment against appellee before a justice in an action of forcible entry and detainer. An appeal was taken by appellee to the County Court by filing an appeal bond with the clerk of said court. No application was made to the justice who rendered the judgment to fix the amount of the appeal bond and he did not ascertain or fix the same.

The contention of appellant is, that the County Court did not get jurisdiction by the filing of the appeal bond with the clerk of said court, the amount of the bond to secure the rent, damages and costs, not having been ascertained and fixed by the justice.

Sec. 18 of the Forcible Entry and Detainer Act provides: "If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this act, such party may have an appeal to be taken to the same courts, in the same manner and tried in the same way as appeals are taken and tried in other cases—provided, the appeal is prayed and bond is filed within five days from the rendition of the judgment, and no writ of restitution shall be issued in any case until the expiration of said five (5) days."

Secs. 62-4-5 of Chap. 79, R. S., provide for taking appeals from judgments by justices of the peace. The manner is by the appellant filing his bond, either with the justice who rendered the judgment or with the clerk of the appellate court. In the one case the bond is to be approved by the justice, in the other by the clerk.

Reading Sec. 18 above set out in connection with the statute which provides the manner of taking appeals from justices in other cases, we must conclude that if any party shall feel aggrieved, that is, if plaintiff or defendant shall feel aggrieved, the manner of taking his appeal may be either by filing his bond with the justice and having the justice approve it, or by filing his bond with the clerk of the appellate court and having it approved by said clerk. The party appealing, in order to have an appeal at all, must file his bond within five days from the rendition of the judgment, just as in appeal in other cases, the appealing party must file his bond within twenty days.

Sec. 19 of the Forcible Detainer Act prescribes the conditions of the bond where the defendant appeals, but a bond filed within the time provided by law and approved by either the justice or the clerk, will give jurisdiction to the appellate court even though it fails to contain the conditions in that section specified. No doubt, on application to the court to which the appeal is taken, the appellant will be ordered to file a bond which shall be in compliance with the statute, and on a failure to do so his appeal will be dismissed.

While a strict compliance with the statute has always been required as to the time within which the bond shall be filed and as to the approval of the bond by the officer named in the statute, (Rozier v. Williams, 92 Ill. 187; Darwin v. Jones, 82 Ill. 107; Kenny v. Jones, 37 Ill. App. 615; Abraham v. Huntington et al., 19 Ill. 403; Bowlesville M. & M. Co. v. Pulling, 89 Ill. 58,) such strict rule has never been applied to what may be described as defects in the bond, such as the lack of a seal thereon or the failure to make it in sufficiently large penalty, or to incorporate in it the conditions which the statute directs that it shall contain.

Thus, in Miller v. Superior Machine Co., 79 Ill. 450, where the contention was that the appeal did not avail for the reason that there was no seal on the bond, the court said that "even if the bond was defective, as it was accepted and approved by the justice, an appeal was, nevertheless, taken from the judgment, and it was the duty of the plaintiff in error to follow the case to the appellate court; and if he was not satisfied with the bond, he could have obtained a rule in the Superior Court upon the defendant in error to file a sufficient bond, and in default thereof the appeal could have been dismissed."

In Wood v. Tucker, 66 Ill. 276, it is said : "A bond defective in substance or form, in all cases of appeal, may be objected to, and if not amended, the appeal may be dismissed. And the same rule applies to appeals in cases of forcible entry and detainer. McKoy v. Allen, 36 Ill. 429. And even if the question of leave to amend, in such cases, were only discretional, still the rule would be the same." That case as well

Fairbank v. Streeter.

as the earlier one of Rider v. Bagley, 47 Ill. 365, holds that Sec. 68 of the Justice Act, providing that no appeal from a justice shall be dismissed for any informality in the appeal bond, if the party, within a reasonable time, shall file a sufficient one, governs the practice in forcible detainer cases.

Now, a compliance with the provision of Sec. 19, that the amount of the bond shall be " ascertained and fixed by the court," is of no more importance than any other direction of that section.   Indeed, it is of less consequence to the plaintiff than that the directions as to the conditions of the bond shall be followed.   The clause leaves it ambiguous as to what court is to " ascertain and fix the amount," but it is certain that the fixing it by the justice will not prevent the appellate court from ascertaining and fixing a different amount and requiring a new bond to be given for such newly fixed amount, and so, if the amount has never been fixed by the justice, but the clerk has taken and approved a bond, the court may ascertain and fix the amount, and require a new bond.   The plaintiff is not bound to rest satisfied with any bond, whether taken by the justice or the clerk, but may have the amount ascertained and fixed by the court in which the appeal is pending, and if the appellant will not file a bond of the amount so fixed the appeal will be dismissed.   Such fixing of the amount of the bond by the court is not in the terms of the statute, and can not be construed to be a condition precedent to the perfecting of the appeal; it is a provision to be invoked by a plaintiff who is dissatisfied with the amount of the bond taken by the justice or the clerk; but if the plaintiff does not ask that the court fix the amount, the appeal by a bond filed with the clerk or justice will, nevertheless, be effective to remove the case to the Appellate Court and to retain it there to be tried *de novo*.

There was no error, therefore, in refusing to dismiss the appeal and the judgment must be affirmed.

*Judgment affirmed.*