## Paulina Gorski, Administratrix, etc. v. John Featherstone's Sons, a Corporation.

1. APPEALS—*Must be Perfected Within the Time Limited.*--When the time limited for the filing of an appeal bond as a condition for allowing the appeal expires at a term subsequent to that at which the judgment was entered, and no bond is filed within the time limited, and no extension of time is given before the expiration of the time limited, the court loses jurisdiction to enter a *nunc pro tunc* order restoring the right of appeal.

Memorandum.—Motion to dismiss an appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Submitted at the October term of this court, 1894, and allowed. Opinion filed November 12, 1894.

FELSENTHAL & D'ANCONA, attorneys for appellant.

WALKER & EDDY, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The motion to dismiss this appeal will be allowed. Judgment was entered on July 6, 1894, which was of the June term, and an appeal allowed upon condition of filing an appeal bond within twenty days, which time expired July 26, 1894, of the July term.

No bond was filed within the time limited, but on August 2d, still of the July term, an order was applied for without notice to the other side, and entered on that day *nunc pro tunc* as of July 26th, extending the time thirty days for

filing the bond, and the bond was filed within the extended period.

Appeals may be allowed only when prayed for and allowed at the same term of the entering of judgment. Sec. 68, Chap. 110, Rev. Stat., entitled Practice. It is only by virtue of the statute that appeals can be taken in any case, and a substantial compliance with the statute is prerequisite to the right of appeal. B. M. & M. Co. v. Pulling, 89 Ill. 58; French v. Roper, 77 Ill. 531.

When the time limited for the filing of an appeal bond as a condition for allowing the appeal expires at a term subsequent to that at which judgment was entered, and no bond is filed within the time limited, and no extension of time for filing the bond is given before the expiration of the time limited, the court loses jurisdiction to enter a *nunc pro tunc* order restoring the right of appeal so lost. It is like granting an appeal in the first instance after the lapse of the term, which can not be done. See Wormley v. Wormley, 96 Ill. 129; Rozier v. Williams, 92 Ill. 187; Fairbank v. Streeter, 41 Ill. App. 434.

Whether, if the extension of time had been applied for and allowed within the time given for filing the bond, although at a term subsequent to the judgment, such an order would have been good, is a question not presented by the record and upon which we express no opinion. Appeal dismissed.