(No. 13759.—Reversed and remanded.)

THE PEOPLE *ex rel.* Rudolph Oelsner, Defendant in Error, *vs.* CHARLES S. ANDRUS *et al.* Members of Industrial Commission, Plaintiffs in Error.

*Opinion filed June 22, 1921—Rehearing denied October 6, 1921.*

1. APPEALS AND ERRORS—*right of appeal is dependent upon statute.* The right of appeal does not exist by virtue of the common law but is dependent upon some statute creating it, and a compliance with the statute is essential to the exercise of the right.

2. STATUTES—*proviso is not a part of the enactment but must be construed with it.* A proviso to a statute is not a part of the enactment but is engrafted on it for the purpose of restraining, modifying or qualifying it and is to be construed with it so as to carry out the intention of the legislature.·

3. WORKMEN'S COMPENSATION—*a stenographic report or statement of facts must be filed within time required by statute.* Under paragraph (*b*) of section 19 of the Compensation act a stenographic report of the evidence heard before the arbitrator, or an agreed statement of the facts, must be filed within twenty days from the receipt of a copy of the arbitrator's decision or within not to exceed thirty days' extended time granted for the purpose, and the decision of the arbitrator becomes the decision of the Industrial Commission unless the statute is so complied with. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 454, and *Illinois Midland Coal Co.* v. *Industrial Board,* 277 id. 333, distinguished.)

4. SAME—*effect of proviso to paragraph (b) of section 19 of Compensation act, relating to review of arbitrator's decision.* The proviso to paragraph (*b*) of section 19 of the Compensation act, relating to a review of the decision of the arbitrator, is not a part of the body of the enactment which gives the right of review, but its purpose is to restrain or qualify the enactment by permitting extension of time by the Industrial Commission, not exceeding thirty days, for filing the stenographic report or agreed statement of facts and to insure the correctness of the statement of facts or stenographic report by providing for authentication at any time before the hearing.

5. SAME—*review of arbitrator's decision is neither a review of the record nor a trial de novo.* The review of the decision of the arbitrator which is provided for by paragraph (*b*) of section 19 of the Compensation act is *sui generis,* as it is neither a review of

the record made before the arbitrator nor a trial *de novo* but is a combination of the two, by which the transcript of the record is to be considered, and the parties have a right to introduce additional evidence.

FARMER, J., dissenting.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. M. L. Mc-KINLEY, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, (GEORGE A. SCHNEIDER, of counsel,) for plaintiffs in error.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 25, 1918, Gordon A. Ramsay, administrator of the estate of Charles Lange, deceased, applied to the Industrial Commission for compensation for the death of Lange on March 14, 1918, alleged to have resulted from an accident which occurred on November 23, 1916, and arose out of and in the course of the employment of Lange by Rudolph Oelsner. The application came on for hearing on January 8, 1919, before an arbitrator, who made an award in favor of the applicant on January 20, 1919. On February 7, 1919, notice of the decision was served on the attorneys for Oelsner, and on February 12, 1919, he filed with the Industrial Commission his petition for a review of the decision of the arbitrator and stated that he intended to introduce additional evidence on such hearing. On March 4, 1919, Oelsner filed with the Industrial Commission an authenticated stenographic report of the proceedings before the arbitrator. The hearing on the petition for review came before the commission on March 24, 1919,

and was continued to March 27, 1919. The applicant interposed an objection that the stenographic report was not filed until twenty-five days after notice of the decision of the arbitrator had been served, and therefore the commission was without jurisdiction to hear the petition for review. The objection was sustained and the petition dismissed, and Oelsner filed in the superior court of Cook county his petition in the name of the People against the members of the Industrial Commission, praying for a writ of *mandamus* commanding the commission to re-instate and hear his petition for a review of the decision of the arbitrator. The petition stated the foregoing facts, which were confessed by demurrer, and the demurrer was overruled. The defendants elected to stand by their demurrer and the writ was ordered. A writ of error was sued out from the Appellate Court for the First District for a review of the judgment, and the Appellate Court affirmed it. This court awarded a writ of *certiorari* to bring the record to this court.

The court has not heretofore had occasion to consider the question now presented but has decided in two cases the question whether the statutory limitation of twenty days applies to the authentication of a stenographic report filed within the time limited. (*Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 Ill. 454; *Illinois Midland Coal Co.* v. *Industrial Board,* 277 id. 333.) In the first of those cases a stenographic report was filed, in compliance with the statute, within the time extended for that purpose, but the report was objected to because not authenticated by the signatures of the parties or their attorneys or by the signature of the chairman of the board. Before the decision of the Industrial Board the transcript was certified by the chairman of the arbitration committee, and it was decided that the certificate could be lawfully made at the time it was made. In the second case a transcript containing 170 typewritten pages of proceedings before the committee of arbitration was filed within the time

which had been granted by the board in accordance with the statute but it was not signed or authenticated. It was again held that if at any time before the hearing the stenographic report is properly authenticated the statute is complied with and the board has jurisdiction. In each case a stenographic report purporting to be a transcript of the proceedings before the arbitration committee having been filed within the time fixed by the statute, the question when the authentication could be made was the only one that was or could have been decided. The court did not indulge in a lengthy discussion of the question or statement of the grounds for the decision and the language employed in the opinions was not carefully guarded and limited so as to avoid misapprehension, so that, when considered apart from the facts, it was quite likely to mislead. The question now to be decided is whether a review can be had without filing, within twenty days after receipt of a copy of the decision of the arbitrator, an agreed statement of facts or a correct stenographic report of the hearing before the arbitrator or committee of arbitration, and that question must be determined by a consideration of the statute, in view of recognized and established practices in similar cases.

A right of appeal does not exist by virtue of the common law but the right is dependent upon some statute creating it. (*Ohio and Mississippi Railroad Co.* v. *Lawrence County,* 27 Ill. 50; *Hesing* v. *Attorney General,* 104 id. 292; *Hileman* v. *Beale,* 115 id. 355; *Steger* v. *Steger,* 165 id. 579; *Vickers* v. *Tyndall,* 168 id. 616; *Keokuk and Hamilton Bridge Co.* v. *People,* 185 id. 276.) A compliance with the statute is essential to the exercise of the right. *Bowlesville Mining and Manf. Co.* v. *Pulling,* 89 Ill. 58; *Lewis* v. *Shear,* 93 id. 121; *Fairbank* v. *Streeter,* 142 id. 226; *Coal Belt Electric Railway Co.* v. *Kays,* 207 id. 632.

The enacting clause of paragraph (*b*) of section 19 of the Workmen's Compensation act requires service of a copy

of the decision of the arbitrator or committee of arbitration and for a petition for a review to be filed within fifteen days, and this further requirement: "Unless such party petitioning for a review shall within twenty days after the receipt by him of the copy of said decision, file with the commission either an agreed statement of the facts appearing upon the hearing before the arbitrator or committee of arbitration, or if such party shall so elect, a correct stenographic report of the proceedings at such hearings, then the decision shall become the decision of the Industrial Commission and in the absence of fraud shall be conclusive." The language is plain and free from ambiguity, and unless an agreed statement of facts or correct stenographic report shall be filed within the time limited, the decision of the arbitrator or committee of arbitration becomes the decision of the Industrial Commission and in the absence of fraud is conclusive. A condition upon which the right of review depends is there plainly declared in terms which can not be misunderstood and which fix the right of review. A compliance with the statute in that particular is essential to the exercise of the right, but there is nothing in the enacting clause concerning the authentication of the statement of facts or stenographic report either by the parties or the arbitrator. There is added a proviso for an extension of time by the Industrial Commission by which the right to a review may be saved, and it is also therein provided that the agreed statement of facts or stenographic report shall be authenticated by the signatures of the parties or their attorneys, and in the event they do not agree as to the correctness of the stenographic report it shall be authenticated by the signature of the arbitrator designated by the commission. These provisions are no part of the enacting clause but are engrafted on it for the purpose of restraining, modifying or qualifying it and are to be construed with it so as to carry out the intention of the legislature. (*In re Day,* 181 Ill. 73.) The enacting clause is the principal part of

the statute and is presumed to have embodied the main object of the act, which is to fix a time within which the right to a review may be availed of. The first part of the proviso restrains or qualifies the limitation of the enacting clause by permitting an extension of time by the Industrial Commission for good cause; the second is to insure the correctness of the statement of facts or stenographic report for the purpose of the hearing, and it is to be construed in view of the practice in similar proceedings.

The review provided for by the statute is *sui generis,* since it is neither a review of the record made before the arbitrator nor a trial *de novo* but a combination of the two by which the transcript of the record is to be considered, and the parties have a right to introduce additional evidence. There is a similarity, however, between the statutory provision and the provisions of other statutes for appeals. Upon an appeal to the Appellate Court or this court the statute fixes the time within which a transcript of the record must be filed, and the court of review is without jurisdiction unless the statute is complied with by filing so much of the record as could be obtained and securing an extension of time before the expiration of the time fixed by the statute for the completion of the record. The record must be authenticated by the keeper of the records, and, when the cause is submitted for decision, if there is no authentication the appeal will be dismissed. (*Hosmer* v. *People,* 96 Ill. 58; *Glos* v. *Randolph,* 130 id. 245.) If a transcript is filed within the time fixed by the statute, certified to be correct and complete but the authentication is incorrect or defective, the transcript is subject to amendment, or, on a suggestion of diminution of the record, a writ of *certiorari* will be awarded to make it complete. *Flagler* v. *Crow,* 40 Ill. 70; *Toledo, Peoria and Warsaw Railroad Co.* v. *Town of Chenoa,* 43 id. 209.

Errors on a trial can only be preserved by a bill of exceptions, which is an essential part of the transcript of

the record. The trial court may extend the time for filing a bill of exceptions, and if it is not filed within the time so extended it cannot become a part of the record; but the failure of a judge to sign a bill presented in apt time until after the time limited for filing it has never prejudiced the party presenting the bill, as has been decided in numerous cases, among which are *Underwood* v. *Hossack,* 40 Ill. 98, *Ferris* v. *Commercial Nat. Bank of Chicago,* 158 id. 237, and *Olds* v. *North Chicago Street Railroad Co.* 165 id. 472. Although a bill of exceptions is not actually filed within the time limited, it becomes a part of the record if it was presented to the judge within that time.

It is a rule of this court with all the force of a statute, that when a transcript of the record is filed the appellant shall in every case assign errors, which must be written upon or attached to the record, and on failing to comply with the rule the appeal may be dismissed or the judgment or decree affirmed. It is not uncommon that by inadvertence or without fault of an attorney there is no assignment of errors written upon or attached to the record, but in such cases the court has uniformly allowed an assignment of errors afterward. In *Gibbs* v. *Blackwell,* 40 Ill. 51, where errors had not been assigned on the record, the court refused to dismiss the appeal on condition that the rule be complied with at once. An assignment of errors upon the record is not a matter of form but a matter of substance and no error can be considered unless so assigned, and this was stated in *Ditch* v. *Sennott,* 116 Ill. 288, and the court said that when attention was called for want of assignment of errors it was the duty of appellant's counsel to apply to the court to assign errors instanter, and that when attention was called to such an omission the court would require errors to be assigned at once or in default thereof would dismiss the case.

These illustrations show that the courts, for the attainment of justice and an opportunity of one feeling himself

aggrieved to obtain a review of an adverse decision, while
requiring a compliance with statutory provisions imposing
conditions upon the right of review, have not denied it as
to matters which are not specifically made a condition to
its exercise.   It is quite apparent that an interpretation of
the statute which would require a stenographic report to be
authenticated when filed would work a great hardship in
many cases.   The statute requires it to be filed within
twenty days after a party learns of the decision, and to
relieve that hardship the proviso allows the commission to
extend the time, not exceeding thirty days.   The qualifying
proviso is, that the Industrial Commission "may for suffi-
cient cause shown grant further time, not exceeding thirty
days," and anything said in any opinion to the effect that
time might be granted beyond that limit was incorrect be-
cause in conflict with the statute, which fixes in clear and
explicit language the power of the commission to grant ex-
tensions of time, which it is manifest might be insufficient
to secure an authentication by the signature of the arbi-
trator designated by the commission.   An agreed statement
of facts is, of course, a statement agreed to by the parties,
and as it is to be filed it must be in writing and the agree-
ment manifested by signatures of the parties or their at-
torneys, so that the proviso adds nothing to the enacting
clause in that regard.   If the parties do not agree as to the
statement or report the party seeking a review cannot file
such a statement or report, and if a report is to be authen-
ticated by an arbitrator the process is the same as in case
of a bill of exceptions authenticated by a judge.   There
might be the same difficulty often experienced in securing
authentication of bills of exception.   The scope and purpose
of the enacting clause is to permit a review upon the filing
of an agreed statement of facts or stenographic report with-
in the time therein limited, and the authentication, when
the proviso is construed in the light of the uniform prac-
tice in similar cases, may be made, if required, at any time

before the hearing, as decided in the cases first above mentioned. The facts stated in the petition for writ of *mandamus* showed that the provisions of the statute granting a right of review had not been complied with, and the court erred in overruling the demurrer.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*

Mr. JUSTICE FARMER, dissenting.