(No. 18496.—Appeal dismissed.)
THE PEOPLE *ex rel.* T. I. Galloway, Appellant, *vs.* THE FRANKLIN COUNTY BUILDING ASSOCIATION, Appellee.

*Opinion filed April 21, 1928.*

1. QUO WARRANTO—*relator cannot, alone, prosecute appeal.* As the Attorney General or State's attorney has power to control the prosecution of an information in *quo warranto* and the relator can not take any step in the cause in his own name, where leave to file the petition is denied because it fails to disclose that the relator has any special interest in the cause, the relator cannot, alone, except to the judgment and prosecute an appeal, as he is not regarded as plaintiff and the statute gives him no right of appeal.

2. APPEALS AND ERRORS—*right of appeal is statutory.* The right of appeal does not exist by virtue of the common law but is dependent upon some statute creating it.

3. SAME—*appeal cannot be taken to Supreme Court on question of costs, alone.* A direct appeal cannot be prosecuted from the trial court to the Supreme Court where the costs of the suit or proceeding constitute the sole subject of controversy.

APPEAL from the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding.

ROY C. MARTIN, and D. F. MOORE, for appellant.

PULVERMAN & CANTRELL, and FRANK E. TROBAUGH, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The State's attorney of Franklin county, in behalf of the people of the State, on the relation of T. I. Galloway, presented to the circuit court of that county a petition for

leave to file an information in the nature of *quo warranto* against the Franklin County Building Association. It is alleged in the petition, among other things, that the respondent was organized under the act entitled, "An act in relation to mutual building, loan and homestead associations;" (Laws of 1919, p. 297; Cahill's Stat. 1927, p. 694; Smith's Stat. 1927, p. 733;) that for upwards of four years it had unlawfully usurped the prerogative of contracting for and collecting interest and premiums on loans in excess of seven per cent per annum; that, exceeding its charter powers, it claimed to own 441 mortgages which had been made to a former association of the same name; that it had demanded and collected interest, dues and premiums on these mortgages and that it had foreclosed some of them. The petition was verified by the relator. A rule was entered upon the respondent to show cause why leave to file the information should not be granted. The respondent filed an answer to the petition, in which it was averred, as ground for the denial of the petition and the discharge of the rule, that the petition failed to show that the relator, who was a private citizen, had any special interest in the proceeding or in the relief sought or that he would suffer any private injury by reason of the alleged usurpations of which complaint was made. The court denied leave to file the information, dismissed the petition and rendered judgment against the relator for costs. The relator, and not the people, excepted to the judgment and prayed an appeal to this court. The appeal was allowed. The relator, alone, gave the appeal bond and perfected the appeal. The respondent, the appellee in this court, has made a motion to dismiss the appeal.

By the common law the relator in an information could not take any step in the cause in his own name, independently of the Attorney General. That officer was the only person whom the court would recognize, and he might dismiss the proceeding if in the discharge of his official duty he thought it proper to do so. (*Hesing* v. *Attorney Gen-*

*eral,* 104 Ill. 292; *People* v. *Fullenwider, ante,* p. 65.) The instant petition fails to disclose that the relator has any special or peculiar interest in the cause, and the proceeding necessarily is of a public nature. In this situation the relator is not a plaintiff and the State's attorney or the Attorney General has the power to control the prosecution. (*People* v. *Fullenwider, supra; Hesing* v. *Attorney General, supra;* 2 Spelling on Injunctions and Ex. Rem.— 2d ed.—sec. 1835.) The right of appeal does not exist by virtue of the common law but is dependent upon some statute creating it. (*People* v. *Andrus,* 299 Ill. 50; *Keokuk and Hamilton Bridge Co.* v. *People,* 185 id. 276; *Steger* v. *Steger,* 165 id. 579; *Hileman* v. *Beale,* 115 id. 355; *Hesing* v. *Attorney General, supra; Ohio and Mississippi Railroad Co.* v. *Lawrence County,* 27 Ill. 50.) No statutory provision is made for the taking of an appeal by a person not a party to the suit and such a person has no right of appeal. (*Hesing* v. *Attorney General, supra; Union Nat. Bank* v. *Barth,* 179 Ill. 83; *Anderson* v. *Steger,* 173 id. 112; *Steger* v. *Steger, supra; Glennon* v. *Britton,* 155 Ill. 232; *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Surwald,* 147 id. 194.) Hence the appeal taken by the relator was unauthorized.

So far as the taxation of costs against the relator is concerned, no error was assigned upon that portion of the judgment, and the question is not, therefore, open to review. Moreover, a direct appeal cannot be prosecuted from the trial court to this court where the costs of the suit or proceeding constitute the sole subject of controversy.

Appellee's motion to dismiss the appeal must be allowed.

*Appeal dismissed.*