JOSEPH CHESSHIRE *et al.*

*v.*

.THE PEOPLE *ex rel.* Robert Harper.

*Filed at Springfield March 27, 1886.*

1. QUO WARRANTO—*constitutional requirements as to form of informa-tion.* An information in the nature of a *quo warranto,* commencing as fol-lows: "W. C. K., State's attorney in and for said county of S., who sues for the People of the State of Illinois in this behalf, comes into the said court here, on this day and for the said People, and in the name and by the au-thority of the said People of the State of Illinois, at the relation of R. H., according to the form of the statute in such case made and provided, gives the court to understand and be informed," etc., and concluding, "to the damage of said People, and against the peace and dignity of the same People of the State of Illinois, and contrary to the form of the statute in such case made and provided," is not obnoxious to a general demurrer, on the ground it is not "carried on in the name and by the authority of the People of the State of Illinois," and does not conclude, "against the peace and dignity of the same."

2. The constitution does not require that the People shall present or prosecute, but only that the prosecution "shall be carried on in the name of and by the authority of the People of the State of Illinois."

3. SAME—*of the relator—whether necessary there should be one—or if one is named, whether his interest must appear.* An information in the nature of a *quo warranto* to test a party's right to a public office, as, that of school directors, in a legal point of view concerns public rights alone; and in such case the State's attorney may proceed either of his own accord or at the instance of any individual relator. Should a relator be named, it is not necessary to show his interest.

4. SAME—*parties defendant—directors of school district attempted to be formed.* Where the legal existence of a school district is denied, the per-sons assuming to act as directors of the supposed district are the only parties respondent necessary to an information in the nature of a *quo warranto* to test the validity of the organization of the district.

5. SCHOOL DISTRICT—*formation of new one.* The limitation in the for-mation of new school districts out of territory previously organized as one district, imposed by the amendment to section 33, approved May 31, 1881, applies to each district, so that neither must contain less than ten families. Under this section both may be regarded as new districts, although for con-venience one may retain its original name or number.

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

On proper application, leave was given by one of the judges of the fifth judicial circuit to file in the circuit court of that county an information in the nature of a *quo warranto*, on the relation of Robert Harper, against Joseph Chesshire, William Barr and Isaac Smith, which information was then filed, and is as follows:

"STATE OF ILLINOIS, ⎰ ss.
  *County of Shelby.* ⎱

"In the circuit court, October term, A. D. 1883.

"William C. Kelley, State's attorney in and for said county of Shelby, who sues for the People of the said State of Illinois in this behalf, comes into the said court here, on this day, and for the said People, and in the name and by the authority of the said People of the State of Illinois, at the relation of Robert Harper, according to the form of the statute in such case made and provided, gives the court to understand and be informed that Joseph Chesshire, William H. Barr and Isaac Smith, for the space of ninety days last past, and more, in the county aforesaid, have held and executed, and still do hold and execute, without any warrant, title or right whatsoever, the offices of school directors of district number 9, township number 12, north, range 2, east of the third principal meridian, in the county aforesaid, which said offices said Joseph Chesshire, William H. Barr and Isaac Smith, during all the time aforesaid, in the county aforesaid, upon the People of the State of Illinois aforesaid, have usurped, and still do usurp, to the damage of said People, and against the peace and dignity of the same People of the State of Illinois, and contrary to the form of the statute in such case made and provided.

"And said State's attorney, for the People aforesaid, in the name and by the authority of said People of the State of

Illinois, at the relation aforesaid, according to the form of the statute aforesaid, further gives the court to understand and be informed that said relator, Robert Harper, is a resident of school district number 3, in township 12, north, range 2, east of the third principal meridian, in said county of Shelby, and the owner of real and personal estate therein, and a tax-payer of said district, and is also the owner of real estate and a tax-payer in school district number 9 aforesaid, in town 12, north, range 2, east, aforesaid, in said county of Shelby; and the said State's attorney further gives the court to understand and be informed that the School law, in force July 1, A. D. 1881, authorized trustees of schools to make new school districts, but required that the territory formed into a new district should contain not less than ten families, and that when changes should be made in school districts, and no appeal be taken to the county superintendent, the clerk of the trustees of schools should make a complete copy of the record of the action of the trustees, which copy shall be certified by the president of said trustees of schools, and the clerk, who shall file the same, together with a map of the township showing the districts, and an accurate list of the tax-payers of the newly arranged districts, with the county clerk; and that if an appeal be taken to the county superintendent, and he should affirm the action of the trustees, the county superintendent shall notify the clerk, by whom the papers were transmitted, of his action, 'and the clerk shall thereupon make a record of the same, and shall, within ten days thereafter, make a copy of the same, and the map and list of tax-payers, and deliver them to the county clerk, for filing and record by him.'

"And the said State's attorney gives the court further to understand and be informed, that prior to the formation of said pretended district 9, said township 12, north, range 2, east, had for a number of years been laid off into eight school districts; that at the regular April meeting, A. D. 1883, of

the trustees of schools of said township, a petition was presented to said trustees, asking that school district number 3 be divided, and that a new school district be made out of the territory described in said petition, and which petition averred that said territory contained not less than ten families, which petition is filed herewith, marked 'Exhibit A,' and made a part hereof; that said trustees, at said meeting, granted the prayer of said petition, and attempted to form two school districts out of said district number 3, and numbered the new district 9, as will more fully appear from the order of said trustees and the map of the school districts of said township herewith filed, marked 'Exhibits C and D,' and made a part hereof.

"And said State's attorney gives the court further to understand and be informed, that at the time of such action of said trustees, and now, said district 9 contained fifteen families, while said district 3 contained only eight families, and after such order of said trustees, the relator aforesaid, and other legal voters of said district 3 who had opposed said petition, appealed from said decision of said trustees to the county superintendent of said county, who, on the 12th day of May, A. D. 1883, affirmed the decision of said trustees, a copy of which order of said superintendent is filed herewith, marked 'Exhibit D,' and made a part hereof.

"And said State's attorney further gives the court to understand and be informed, that the clerk of said trustees did not make a complete copy of the record of the action of said trustees, certified by the president of said trustees and clerk, and a list of the tax-payers in either said district 3 or 9, and file the same with the county clerk of said county, and that said clerk, though notified in writing of his action by said superintendent, did not make a copy of the record made by said superintendent and a list of tax-payers in either of said districts, and deliver the same to the county clerk of said county, as required by the statute.

"And said State's attorney further gives the court to understand and be informed, that said Joseph Chesshire, William H. Barr and Isaac Smith claim to be directors of school district number 9, in said town, and have made a certificate of levy, signed by two of them, and filed the same with the clerk of the county court of said county, on the 17th day of August, A. D. 1883, asking that the amount of $400 be levied as a special tax on the taxable property of said district number 9, for the year 1883, a copy whereof is herewith filed, marked 'Exhibit E,' and made a part hereof.

"And said State's attorney, for said People, at the relation aforesaid, and in the name and by the authority of the People aforesaid, therefore gives the court to understand and be informed, that said school district number 9 was attempted to be formed by a division of said school district number 3, and that said school district number 3, after such attempted division, did not have the number of families required by the statute, and that said district number 9 was not legally formed, and was and is not a school district under and in accordance with the statute, and therefore said State's attorney says that Joseph Chesshire, William H. Barr and Isaac Smith, for the space of ninety days last past, and more, in said county, have held and executed, and still do execute and hold, without any warrant, title or right whatsoever, the offices of school directors of said pretended school district number 9, in township 12, north, range 2, east, in said county, which said offices they, during all the time aforesaid, in the county aforesaid, upon said People of the State of Illinois, have usurped, and still do usurp, to the damage of said People, and against the peace and dignity of the same People of the State of Illinois, and contrary to the form of the statute in such case made and provided.

WILLIAM C. KELLEY, *State's Attorney in and for said Shelby county.*"

This was sworn to by Robert Harper. The exhibits referred to in the petition accompanied it, but it is unnecessary to reproduce them here.

The defendants appeared and filed a general demurrer to the information. The relator joined issue on the demurrer, and the court overruled the demurrer; and thereupon, the defendants electing to stand by their demurrer, and refusing to answer over, judgment of ouster was rendered. The defendants sued out a writ of error from the Appellate Court for the Third District upon the judgment, and that court affirmed the judgment of the circuit court. The present writ of error brings before this court for review the record of the last named court, and errors are assigned appropriate to that end.

Messrs. STEPHENSON & BAUM, for the plaintiffs in error:

The filing of a list of tax-payers with the county clerk is not essential to the legal formation of a new school district, (*School Directors* v. *School Directors*, 73 Ill. 249,) the statute being only directory.

The case of *Potter* v. *School Trustees*, 10 Bradw. 343, holding the making and filing of a map, etc., essential to the validity of a school district, was made under a statute different from the present.

It is not fatal to the formation of a new district out of a previous one, that there shall be less than ten families left in the remaining part of the district. *Town of Jefferson* v. *People*, 87 Ill. 503, has no application.

The information is not brought in the name and by the authority of the People, and as required by the constitution, but it is by William C. Kelley, State's attorney. *Wright* v. *People*, 15 Ill. 417; *Donnelly* v. *People*, 11 id. 552; *People* v. *Railroad Co.* 13 id. 66; *Hay* v. *People*, 59 id. 94.

The information fails to show any interest in the relator other than that of a general interest. He is not a resident

of the district, and does not claim the office of school director, or show any one else is entitled to the office. Angell & Ames on Corp. sec. 756.

These informations require as much formality as indictments, and a motion to quash, had this been an indictment, would have prevailed.

Messrs. THORNTON & LLOYD, for the defendants in error:

The words required by the constitution were not in the informations in the cases cited, and the court properly held them bad. In this case the required words are in each count, and the information is good. *People* v. *Dixon,* 14 Ill. 476; Puterbaugh's Pl. & Pr. 696.

Some person must move in the matter, and the uniform practice has been for the Attorney General or State's attorney to do so. *People* v. *Richardson,* 4 Cow. 106; *People* v. *Mobley,* 1 Scam. 217; *Donnelly* v. *People,* 11 Ill. 552; *People* v. *Railroad Co.* 13 id. 66.

The demurrer admits the holding of the offices unlawfully, and was therefore properly overruled. The defendants must either disclaim or justify, and if the latter, they must set out their title specially. *Clark* v. *People,* 15 Ill. 217.

The only mode in which the illegality in the formation of a school district can be inquired into or taken advantage of, is by information in the nature of a *quo warranto.* *Trumbo* v. *People,* 75 Ill. 564; *Renwick* v. *Hall,* 84 id. 163; *People* v. *Newberry,* 87 id. 43; *Alderman* v. *School Directors,* 91 id. 180.

It was not necessary to have named any person as relator, but it was sufficient if filed by the State's attorney. *Hinze* v. *People,* 92 Ill. 408; Rev. Stat. chap. entitled "Quo Warranto," sec. 1; *People* v. *Board of Education,* 101 Ill. 308; *People* v. *Carpenter,* 24 N. Y. 86.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Neither of the objections taken to the judgment below, is, in our opinion, tenable.

*First*—This information, unlike those in *Donnelly* v. *The People,* 11 Ill. 552, *The People* v. *M. & A. R. R. Co.* 13 id. 66, *Wight* v. *The People,* 15 id. 417, and *Hay* v. *The People,* 59 id. 94, cited by counsel for plaintiffs in error, follows the language of the constitution, and is prosecuted "in the name and by the authority of the People of the State of Illinois," and concludes, "against the peace and dignity of the same People of the State of Illinois." The constitution does not require that the People shall present or prosecute, but only that the prosecution "shall be carried on *in the name and by the authority of the People of the State of Illinois,*" (sec. 33, art. 6, Const. of 1870,) and hence, in indictments it is only required that it be said, "the grand jurors chosen, selected and sworn, in and for the county of . . . . . . . , in the name and by the authority of the People of the State of Illinois, *upon their* oath present," etc. Rev. Stat. 1874, p. 408, sec. 408; *Whitesides* v. *The People,* Breese, (Beecher's ed.) p. 21. And it must follow, by parity of reasoning, it is sufficient that in an information the State's attorney, "in the name and by the authority of the People of the State of Illinois, presents," or "gives the court to understand and be informed," etc., and, in practice, we are not aware that this has ever been seriously questioned. There is surplusage in the language here employed, but it is not of that character which vitiates.

*Second*—It is a misapprehension to suppose, as counsel seem to, that this is an information in regard to a matter of private right. It concerns, in a legal point of view, the public alone, and in such cases the State's attorney may proceed "either of his own accord or at the instance of any individual relator." (Rev. Stat. 1874, p. 787, sec. 1.) It is therefore not only of no consequence that the relator showed

no interest in the so-called district 9, but his name might have been wholly omitted without prejudice to the prosecution.

*Third*—Inasmuch as the information proceeds upon the hypothesis that there is no corporation, in law, by the name of school district No. 9, it would have been impossible to make the corporation a party. The only persons, if that hypothesis be true, to be brought before the court, are those assuming to act in the capacity of directors of such district. The persons assuming to act as directors of the district were therefore the only parties that need be before the court to test the validity of the organization of the district. *The People* v. *Draper*, 15 N. Y. 532; *The People* v. *Carpenter*, 24 id. 86; *The People* v. *Board of Education*, 101 Ill. 308.

*Fourth*—In our opinion, district No. 9, under the facts admitted by the demurrer, could have no legal existence. The limitation in the formation of new districts out of territory previously organized as one district, imposed by the amendment to section 33, approved May 31, 1881, applies to each district. Neither must contain less than ten families. Both are, in fact, new districts, so far as this question is concerned, though, as a matter of convenience, for purposes of description in designating duties of officers and providing for disposition of property or funds, etc., one may be denominated the old or original district, and the other the new district. The spirit and manifest purpose of the act, if not the very letter, forbid that there should be any discrimination between the districts in the respect of this limitation. *Town of Jefferson* v. *The People*, 87 Ill. 506, is entirely analogous.

We find no cause to disturb the judgment below. It is affirmed.

*Judgment affirmed.*