### George W. Smith, John C. Widenham, Ethelbert D. Rothwell and Nathan R. Jerald v. The People ex rel. Lewis Malone.

1. FRANCHISE—*Where Involved.*—Where a proceeding by *quo warranto*, if sustained, is in effect a dissolution of a corporation, a franchise is involved and no appeal lies to this court.

**Memorandum.**—*Quo warranto* proceedings. Appeal from a judgment of ouster rendered by the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1894, and dismissed. Opinion filed June 28, 1894.

Richard Yates, Chas. A. Barnes and Wm. P. Callon, attorneys for appellants.

Felix D. McAvoy, State's Attorney, with Isaac L. Morrison, John A. Bellatti and Julian P. Lippincott, attorneys for appellees.

Per Curiam.

This proceeding was *quo warranto* against certain persons claiming to be the members of the board of education of the city of Jacksonville, and was against all who so claimed.

The answer of appellants was held not sufficient, and a judgment of ouster followed, from which this appeal was prosecuted.

A motion to dismiss the appeal because a franchise is involved, was reserved to the hearing, and presents the first question to be considered.

Upon careful examination we feel constrained to hold that the motion is well made.

The point is urged that the corporation is defunct and therefore there is no such office as that which the appellants severally claim to hold.

This is elaborately discussed in the briefs of both sides, and it is conceded by the appellants that "while this proceeding is not brought against the school board as a corporation, but only against the individuals composing the board, still the effect, if the same is sustained, is to dissolve the corporation," and certainly this is so if the view mainly argued by appellees is correct.

The information clearly makes the point, and in reply to the objection of misjoinder it is said that, because the validity of the corporation is attacked, it is competent to join all the members of the board, citing Chesshire v. The People, 116 Ill. 493.

So there seems to be a substantial and *bona fide* controversy as to the legal entity of the corporation which can not be ignored and which must be determined.   Therefore

the case is within the ruling in The People, etc., v. O'Hair, 128 Ill. 20, and The People v. The City of Spring Valley, 129 Ill. 169; and is not within the ruling in The People v. Holtz, 92 Ill. 426, where merely the right of the respondent to hold the office was involved.

We must therefore dismiss the appeal with leave to withdraw the record, abstracts and briefs.