BANK OF DARLINGTON, in Liquidation by S. L. CANTLEY, Finance Commissioner of the State of Missouri, and J. B. SAGER, Special Deputy Finance Commissioner, in Charge, v. L. ATWOOD, Appellant.—27 S. W. (2d) 1029.

Court en Banc, May 15, 1930.

124

G. A. *Stultz* for appellant.

*Cook & Cummings* for respondent.

PER CURIAM:—This case was transferred to this court by the Kansas City Court of Appeals on the ground that a state officer is a party thereto and hence that court did not have appellate jurisdiction. Appellant has filed a motion to remand the case, and in this motion respondent has joined.

The amount involved does not exceed $7500 and this court does not have appellate jurisdiction unless a state officer is a party. Section 12, article VI, of the Missouri Constitution, and section 5 of the 1884 Amendment thereto, provide that this court shall have appellate jurisdiction where "any state officer is a party."

Let it be assumed that the Finance Commissioner of this State is a state officer and that this court has appellate jurisdiction in all cases where such commissioner is a party suing or being sued in his official capacity. But the finance commissioner is not here a party. The Bank of Darlington is the party plaintiff. The action was instituted in its name by the Finance Commissioner as liquidating agent.

Section 11715, Laws 1927, page 250, provides that the Finance Commissioner may prosecute and defend any and all legal proceedings in the name of the delinquent banking corporation. He is not a party to this action in the constitutional sense.

The duties of the Finance Commissioner in liquidating a delinquent banking corporation are in a representative capacity merely, and, in that capacity, such duties are not coextensive with the boundaries of

the State. In such representative capacity he does not exercise state-wide functions and hence is not a state officer within the meaning of the constitutional provisions above mentioned. [State ex rel. Holmes v. Dillon, 90 Mo. 229, 2 S. W. 417; State ex rel. Rucker v. Hoffman, 313 Mo. 667, 288 S. W. 16.]

The motion is sustained and the case is remanded to the Kansas City Court of Appeals. All concur.