STATE OF MISSOURI on the information of ROY McKITTRICK, Attorney General, at the relation of A. H. HANDLAN, Relator-Appellant, v. WILKIE LAND COMPANY, a Corporation.—162 S. W. (2d) 846.

Division Two, June 17, 1942.

*J. Jules Brinkman* and *Francis C. Flynn* for relator-appellant.

*Julius T. Muench* for respondent.

TIPTON, P. J.—This is an appeal from a dismissal of an information in the nature of a quo warranto, filed in the name of the

Attorney General at the relation of A. H. Handlan, to forfeit the respondent's corporate charter and franchise. The trial court dismissed the information for the reason it was signed only by J. A. Lennon, special counsel for the Attorney General.

During the argument of the case in this court, our jurisdiction was questioned by the court. The attorney for relator suggested that we had jurisdiction because the Attorney General was a state officer.

This action was not instituted ex officio, but upon request; the individual (relator) is the real party in interest and the Attorney General is the instrumentality necessary to start the action. The Attorney General is clothed with the power to determine the propriety of bringing an action of this character; but, after he has exercised his discretion and suit has been brought, he is not permitted to dismiss or discontinue it without the consent of the individual at whose request it was brought. In other words, this action is controlled by the relator. [State ex rel. Black v. Taylor, 208 Mo. 442, 1. c. 452, 106 S. W. 1023, 13 Am. Cas. 1058; State ex rel. Perkins et al. v. Long et al., 275 Mo. 169, 204 S. W. 914.]

If this were an ex officio proceeding brought by the Attorney General, then there would be no doubt that he would be acting as a state officer under the Missouri Constitution, and we would have jurisdiction of this appeal. Since this action is brought at the relation of A. H. Handlan, he is the real party in interest, and the Attorney General is not a party to this action in the ██ constitutional sense. [Bank of Darlington v. Atwood, 325 Mo. 123, 27 S. W. (2d) 1029.]

There are no constitutional questions raised by the parties to this action; nor does the record affirmatively show that more than $7,500.00 is involved.

For the reasons stated, the case is transferred to the St. Louis Court of Appeals. All concur.