(No. 28383.—)

THE PEOPLE *ex rel.* Rollie Buchanan *et al.*, Appellants, *vs.*
MULBERRY GROVE COMMUNITY HIGH SCHOOL DISTRICT
No. 34-A *et al.*, Appellees.

*Opinion filed May 23, 1945.*

McLIN J. BROWN, of Hillsboro, for appellants.

J. H. ALLIO, and MEYER & MEYER, both of Green-
ville, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the circuit court
of Bond county. The action was a proceeding in *quo war-*

*ranto.* The suit was brought in the name of the People by the State's Attorney of Bond county at the instance of certain individual relators.

The defendants named in the suit were Mulberry Grove Community High School District No. 34-A and the individuals who were members of the school board of said district.

The complaint consisted of two counts. The first count charged the school district with unlawfully usurping the governmental functions and franchise of a legally constituted community high school district. It called upon the district to show by what authority it claimed to exercise the functions and governmental powers of such school district. The second count charged the individual defendants with unlawfully usurping the office of members of the board of education of the school district. It called upon them to show by what warrant they claimed to exercise the powers and duties of such office. In the complaint, the individual relators were described as "citizens, residents, voters, and taxpayers" within the school district. The questions involved, therefore, were the usurpation by the district of the powers of a school district and the usurpation of the office of members of the board of education by the individual defendants.

Upon a hearing, the circuit court entered judgment in favor of the defendants, finding that the district was legally organized and that the school board members were lawfully elected and entitled to hold office. This judgment was entered on June 19, 1944. The appeal is from that judgment.

A motion has been filed in this court by the appellees to dismiss the appeal. The motion was taken with the case. One of the grounds of the motion is that since the State's Attorney, who was the attorney of record in the trial court for the plaintiff, filed in the cause his disclaimer

of any interest in the appeal on behalf of the People, there is no party appellant having an appealable interest. The grounds on which the motion to dismiss is based are such that they require us to first direct our attention to the questions presented by the motion.

The record shows that on July 8, 1944, a notice of appeal from the judgment entered on June 19, 1944, was filed. While this notice recites that "plaintiff" appeals from the judgment, it is not signed by the State's Attorney, but only by the private attorney representing the individual relators. It is signed by him as "Attorney for Relators." The State's Attorney did not join therein, nor did he file any notice of appeal. On August 9, 1944, the State's Attorney, as attorney of record for the plaintiff, filed in the cause what is designated in the record as a "disclaimer." This disclaimer is as follows: "Comes now plaintiff, the People of the State of Illinois in the above entitled cause, by Robert F. Smith, State's Attorney, and states unto the Court that he is the attorney of record for said plaintiff; that said plaintiff is not appealing from the judgment of the Trial Court herein, and disclaims any interest in any proceedings for appeal to the Supreme Court of said State now pending herein."

As already observed, the suit was brought in the name of the People by the State's Attorney of Bond county. Under section 2 of the Quo Warranto Act (Ill. Rev. Stat. 1943, chap. 112, par. 10,) the suit could only be so brought. That section further provides that an action in *quo warranto* may, on leave granted, be filed by any citizen "having an interest in the question on his own relation, when he has requested the Attorney General and State's Attorney to bring the same, and the Attorney General and the State's Attorney have refused or failed so to do." This suit was not brought by the individual relators under the above provision of section 2. Section 3 of the Quo War-

ranto Act (Ill. Rev. Stat. 1943, chap. 112, par. 11,) provides that the People of the State of Illinois shall be deemed the plaintiff.

The interest which the statute requires an individual to possess to authorize him to institute an action in *quo warranto* must be one that is personal to him and one that is not common to other members of the public. One who has no interest except that which is common to every other member of the public is not entitled to use the name of the government in *quo warranto* proceedings. The interest of an individual as a taxpayer, resident and citizen, is not sufficient. *Rowan* v. *City of Shawneetown,* 378 Ill. 289; *People ex rel. Miller* v. *Fullenwider,* 329 Ill. 65.

This suit, therefore, could only be instituted and carried on in the name of the People as plaintiff by the Attorney General or State's Attorney. It was so instituted and the proceedings were carried on in the name of the People by the State's Attorney.

No notice of appeal was filed by the plaintiff or by the State's Attorney, who was the only attorney authorized to file such notice on behalf of the plaintiff. By the disclaimer filed by the State's Attorney, it was expressly stated that the plaintiff was not joining in the appeal or appealing from the judgment, and had no interest in any proceedings on the appeal to this court.

The People, in whose name the State's Attorney has the authority to institute *quo warranto* proceedings, have the right of appeal and the State's Attorney has the right to prosecute such an appeal in the name of the People. *People* v. *City of Paris,* 380 Ill. 503.

The interest which the individual relators have in the questions of the usurpation of the powers of a school district and the usurpation of a public office, is not personal and peculiar to them, but is one which is shared in common by other members of the general public. They had no right to either institute or carry on the proceedings.

Under section 3 of the Quo Warranto Act, the only plaintiff in the case was the People of the State of Illinois. The right to appeal from the judgment finding and adjudicating that the school district was lawfully organized and that the individual defendants were lawfully holding the office of members of the school board was vested solely in the People, as plaintiff. *People ex rel. Galloway* v. *Franklin County Bldg. Ass'n,* 329 Ill. 582.

So far as the taxation of costs against the relators is concerned, no error was assigned or argued in the briefs on that portion of the judgment, and the question is not, therefore, open to review on this appeal. Moreover, a direct appeal cannot be prosecuted from the trial court to this court where the costs of the suit or proceeding constitute the sole subject of the controversy. *People ex rel. Galloway* v. *Franklin County Bldg. Ass'n,* 329 Ill. 582.

Appellees' motion to dismiss the appeal will, therefore, have to be sustained. The appeal is dismissed.

*Appeal dismissed.*