(No. 30376, 30377.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* HAROLD E. KIDD *et al.*, Appellees.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* HARRY L. SWANK *et al.*, Appellees.

*Opinion filed November 20, 1947.*

L. M. BURKEY, State's Attorney, of Toulon, and GREGG A. YOUNG, and JAMES B. YOUNG, both of Kewanee, for appellant.

BRIAN & WILSON, and J. E. RICHARDS, both of Toulon, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The State's Attorney of Stark County, on June 28, 1947, of his own accord, and not at the instance of any relator, filed two *quo warranto* proceedings in the circuit court of Stark County, one against the individuals acting as members of the board of education of Toulon Community Consolidated School District No. 31 and the other against the individuals acting as members of the board of education of West Jersey Community Consolidated School District No. 5. The complaints questioned the legality of the districts and the rights of the defendants to hold their offices. The defendants answered, denying generally the charges of usurpation and setting up the defense of *res judicata*. The answer also alleged that on July 1, 1947, the district was validated by the legislature. The People made a motion in each case to strike the answer, which motion was overruled by the court, except as

to the general denial; and upon election of the People to abide by the motion, the complaints were dismissed. Appeals from both judgments were taken and the cases are here consolidated. The issues are identical and the allegations in each answer are substantially the same.

The pleadings disclose that within a short time after the organization of the district an action of *quo warranto* was instituted in the circuit court of Stark County in the name of the People by the State's Attorney, upon the relation of an individual voter, resident and taxpayer in the district, against the defendants, for the purpose of questioning the legality of the district and the right of the defendants to hold office as members of the board of education. An answer was interposed, setting out the organization of the district and alleging the election and qualification of the defendants as members of the school board, after its organization. Upon a hearing, the circuit court, on June 24, 1946, entered judgment in favor of the defendants, finding that the district was legally organized and that the defendants were lawfully elected and entitled to hold office as members of the board of education. It is this judgment, holding the district legal and valid, which is relied upon by appellees as *res judicata*. The validity of the district, appellees claim, is not now open to question in this suit. To this contention appellant replies that there is a distinction between the former suit which was brought by the People on the relation of an individual and the present suit brought only on behalf of the public. It is further claimed that the points here raised upon which the legality of the district is attacked were ignored and not determined by the trial judge in the former case, and therefore the decision in the first *quo warranto* case cannot now be considered as *res judicata*.

Appellant's attack upon the legality of the districts is based in this case upon the theory that the elections, at which the proposition for the establishment of a commu-

nity consolidated school district were voted upon, were void because the ballots used at such election did not have on the back thereof an official certificate of authentication bearing a facsimile of the signature of the county superintendent of schools, and as to the election at which the organization of Toulon Community Consolidated School District No. 31 was voted upon, that it was also void for the further reason that the county superintendent did not establish voting precincts and fix the boundaries thereof, as required by the statute. Appellant expressly states that there is no claim of any fraud or mischievous conduct in connection with the elections and that none was charged or proved in the former cases, but insists that the authentication of the ballots by a facsimile of the signature of the county superintendent of schools and the fixing by the superintendent of precinct boundaries are so essential, that in the absence thereof the election and all proceedings had as a result of such election are necessarily void.

The doctrine of *res judicata*, briefly stated, is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Harding Co. v. Harding,* 352 Ill. 417; 30 Am. Jur. 914, sec. 172.) The doctrine of *res judicata,* in all cases where the second suit is upon the same cause of action and between the same parties or their privies as the former action, extends not only to the questions actually litigated and decided, but to all grounds of recovery or defense which might have been presented. (*Normal State Bank v. Killian,* 386 Ill. 449; *Barry v. Commonwealth Edison Co.* 374 Ill. 473; *Harding Co. v. Harding,* 352 Ill. 417.) When a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two

actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it.

Jurisdiction is authority to hear and determine a cause. It is the power conferred by law to hear and determine controversies concerning certain subjects between parties who are properly before the court, either by voluntary appearance or service of process; and, as applied to any particular controversy, jurisdiction is the power to hear and determine that controversy as between the parties thereto who are before the court. What may be adjudged between the parties is the exercise of jurisdiction, and no error in the exercise of jurisdiction, no matter how gross, can be urged in any collateral proceeding. If a court has jurisdiction its judgment may be directly attacked for errors or irregularities, but however manifestly erroneous the decision may be, it is binding upon all parties and privies until it is reversed or set aside in a direct proceeding for that purpose. (*Harding Co.* v. *Harding,* 352 Ill. 417; *Markley* v. *People ex rel. Kochersperger,* 171 Ill. 260.) Jurisdiction to hear and decide a cause necessarily includes the right to render an erroneous decision. (*Murch* v. *Epley,* 385 Ill. 138.) The judgment of a court which had jurisdiction is immune from collateral attack, even though such judgment is erroneous. (*Woodward* v. *Ruel,* 355 Ill. 163.) This rule was announced by this court many years ago in the case of *Young* v. *Lorain,* 11 Ill. 624. We there stated that when a court has properly acquired jurisdiction and is authorized to hear and adjudge, and its judgment "being thus entered by authority of law, no matter how erroneous it may be, or even absurd—though it be made in palpable violation of the law itself, and manifestly against the evidence—is, nevertheless, binding upon all whom the law says shall be bound by it, that is, upon all parties and privies to it, until it is reversed in a

regular proceeding for that purpose. While it remains a judgment, it cannot be inquired into, nor its regularity questioned, in any collateral proceeding. In another action the inquiry is not whether the Court acted properly, but had it a right to act at all? Was the judgment rendered in the exercise of an usurped power, or of a conferred authority? If the former, the whole proceeding is utterly void, everywhere. If the latter, it is always obligatory, till reversed." A judgment which is null and void may not be used as a basis for the application of the doctrine of *res judicata,* but a judgment does not lose its effectiveness as *res judicata* from the mere fact that it is irregular or erroneous. The doctrine of *res judicata* is not dependent upon the correctness of the judgment, or of the verdict or finding on which it is based. (30 Am. Jur. 939, sec. 198; *Phelps* v. *City of Chicago,* 331 Ill. 80; *McFall* v. *Kirkpatrick,* 236 Ill. 281.) Nor is the value of a plea of former adjudication to be determined by the reasons which the court rendering the former judgment may have had for doing so. (*City of Elmhurst* v. *Kegerreis,* 392 Ill. 195.) The effect of the former judgment as a bar is the same whether resting upon an erroneous view of the law or not. (*Baltimore Steamship Co.* v. *Phillips,* 274 U.S. 316, 47 S. Ct. 600.) The doctrine of *res judicata* is that a cause of action finally determined between the parties on the merits, by a court of competent jurisdiction, cannot be relitigated by the same parties or those in privity with them in a subsequent proceeding before the same or any other tribunal, except as the judgment or decree may be brought before a court of appellate jurisdiction for review in the manner provided by law. (*Harding Co.* v. *Harding,* 352 Ill. 417.) Sound public policy requires that different judicial determinations shall not be made of the same cause of action and that a judgment rendered jurisdictionally shall, as to such cause of action, be conclusive upon the parties thereto and their privies. If the complaint in the present case is sustained

it will have the effect of nullifying the judgment entered in the previous case. This suit is a collateral attack upon that judgment.

The question now sought to be litigated herein is precisely the same as the one in the previous suit, namely, the validity of the organization of the community consolidated school district. The purpose of each suit was the dissolution of said district. It is not questioned that the subject matter of the former litigation was identical with that here involved or that the former judgment was rendered by a court having full jurisdiction of the cause and the parties thereto. The plaintiff in the former suit sought to do the identical thing that the plaintiff in the present case seeks to do, seeking the same relief against the same defendants, involving the identical subject matter. The plaintiff in the present case is the same, in effect, as the plaintiff in the former case. Both proceedings were brought in the name of the People of the State of Illinois by the State's Attorney of Stark County. We cannot differentiate between a case brought by the State's Attorney of his own accord and one brought by him at the instance of an individual relator. Under section 3 of the Quo Warranto Act, the only plaintiff in either case was the People of the State of Illinois. (*People ex rel. Buchanan* v. *Mulberry Grove Community High School Dist.* 390 Ill. 341.) A *quo warranto* proceeding to test the legal existence of a school district concerns, in a legal point of view, the public alone, and it is wholly immaterial whether the State's Attorney prosecutes the same of his own accord or at the instance of any individual relator. (*Chesshire* v. *People ex rel. Harper,* 116 Ill. 493.) The interest which an individual relator has in the questions of the usurpation of powers of a school district and the usurpation of the office of members of the board of education of a purported district is not personal and peculiar to him, but is one which is shared in common by every other member of the general

public, and he has no right to either institute or carry on *quo warranto* proceedings. (*People ex rel. Buchanan* v. *Mulberry Grove Community High School Dist.* 390 Ill. 341.) We do not find a reasonable or logical distinction between a *quo warranto* suit brought by the State's Attorney at the instance of an individual relator to test the legal existence of a school district and a *quo warranto* suit for the same purpose brought by the State's Attorney of his own accord.

In accordance with our views herein expressed, it is not necessary to consider other questions. The circuit court was correct in dismissing the complaints. The judgments, therefore, are affirmed.

*Judgments affirmed.*