Josephine Daviditis et al., Plaintiffs-Appellants, v. The National Bank of Mattoon, Defendant-Appellee.

Gen. No. 9,993.

Third District.

May 16, 1955.

Rehearing denied July 6, 1955.

Released for publication July 6, 1955.

Sidney N. Ware, of Elmhurst, for appellants.

Dilsaver & Gilkerson, of Mattoon, for appellee.

MR. PRESIDING JUSTICE CARROLL delivered the opinion of the court.

Plaintiffs appeal from a judgment of the circuit court of Coles county allowing defendant's motion to dismiss the complaint and for judgment in its favor.

The complaint under which damages are sought for certain alleged acts and omissions of defendant while it was serving as administrator of the estate of William Daviditis, deceased, was filed December 29, 1953. On January 18, 1954, defendant filed its motion to dismiss the complaint and for judgment in bar of the action. The motion, supported by affidavit, in addition to other grounds, set forth that plaintiffs' cause of action was barred by prior judgments of the circuit court of Coles county, Illinois, and the county court of Coles county, Illinois. On April 10, 1954, plaintiffs served notice upon defendant that its motion would be heard on May 27, 1954. On June 15, 1954, the court heard the motion and made its ruling thereon. Plaintiffs thereupon moved the court for leave to file an amended complaint, which motion was denied.

Reversal of the judgment is urged solely upon the ground that the court below erred in denying plaintiffs' motion for leave to file an amended complaint.

The record indicates plaintiffs filed no counter-affidavits nor in any manner challenged the sufficiency of defendant's motion. It must be assumed, therefore, that plaintiffs were unable to present affidavits or other proof denying the facts alleged or establish facts obviating the objections raised by defendant's motion. Section 48 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 172; Jones Ill. Stats. Ann. 104.048] provides the method by which the plaintiffs could have denied the fact allegations of defendant's motion. The defendant, by its motion, raised one of the nine defenses specified in the above section of the Civil Practice Act, namely, that the cause of action is barred by a prior judgment, and supported the allegations of

287

the motion by affidavit. Since plaintiffs did not file counteraffidavits the facts alleged in defendant's affidavits were properly taken as true. The trial court therefore correctly sustained defendant's motion and disposed of the case on the defense of a former judgment. Leitch v. Hine, 393 Ill. 211. Disposition of the case was made by entering judgment for the defendant.

It is plaintiffs' contention that they did not have an opportunity to properly prepare their case for presentation to the court. This contention apparently is the basis upon which it is claimed the trial court erred in denying leave to file an amended complaint. Such contention must of necessity refer to proceedings had on plaintiffs' motion as that was the only matter before the court in connection with the case which would require preparation. The case was not on trial nor had it been set for trial. The record indicates defendant's motion was called up for hearing at the instance of plaintiff, but makes no reference to any request by plaintiffs for a continuance.

Obviously, plaintiffs' argument with reference to time for preparation of the case is in no manner related to the question whether the trial court erred in denying their motion for leave to file an amended complaint.

Plaintiffs were not, as a matter of right, entitled to file an amended complaint. The trial court held the complaint defective on the ground that the claim for damages therein advanced by plaintiffs had been previously adjudicated by both the county and circuit courts of Coles county. The facts constituting the defense of former adjudication were presented to the court by the motion and affidavit of the defendant.

Plaintiffs, in effect, by failing to controvert such facts, confessed the truth thereof. Plaintiffs in no way take exception to the ruling of the court on defendant's motion to dismiss. The trial court having

288

held plaintiffs' action to be barred by application of the principle of res judicata, such bar extended to all grounds of recovery or defense involved in the dispute between the parties which might have been raised. Chicago & W. I. R. Co. v. Alquist, 415 Ill. 537; People v. Kidd, 398 Ill. 405.

■ The record does not show the proposed amended complaint was submitted to the court nor does it indicate how the court might determine the sufficiency thereof. There would be no reason for the court's conclusion that an amended complaint would not be vulnerable to a motion to dismiss.

There was no abuse of discretion by the trial court in denying plaintiffs' motion for leave to file an amended complaint. Dean v. Kirkland, 301 Ill. App. 495; Aaron v. Dausch, 313 Ill. App. 524.

The circuit court did not err in dismissing the complaint and entering judgment for defendant, and its action is affirmed.

Affirmed.