Cecelia E. Meredith, as Administrator of the Estate of Chester J. Meredith, Deceased, Plaintiff-Appellee, v. Evelyn Knapp (f/k/a Evelyn Meredith), Defendant-Appellant.

Gen. No. 50,287.

First District, Fourth Division.
September 15, 1965.
Rehearing denied October 11, 1965.

Richard Altieri, of Chicago, for appellant.

Stanley Werdell, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from that part of the summary decree finding that defendant Evelyn Knapp (formerly Evelyn Meredith) is not entitled to the double indemnity benefits of a life insurance policy. The defendant was awarded the face amount of the policy—

$10,000, plus accumulations thereon. No cross-appeal has been taken by plaintiff.

The facts are not in dispute. On February 15, 1956, the Equitable Life Assurance Society of the United States (hereinafter referred to as Equitable) insured the life of Chester J. Meredith in the amount of $10,000 with additional indemnity in a like amount for accidental death. The defendant, insured's then wife, was named as beneficiary. On September 23, 1963, defendant obtained a divorce from the insured, the relevant part of the decree ordering that he pay to her $9,000 over a period of three years; that he assign over to her the aforementioned life insurance policy in the amount of $10,000, "to secure the above indebtedness of $9,000 making plaintiff [referring to Mrs. Knapp, defendant in the present case] an irrevocable beneficiary of the policy"; and that he pay the premiums on the policy for a period of three years. The decree further provided that at the end of the three-year period defendant had the right to collect the cash surrender value, continue payment of the premiums or transfer it to any other policy which she desired. Subsequent to the decree Evelyn Meredith remarried and is now known as Evelyn Knapp; Chester J. Meredith married Cecelia E. Meredith who as administrator is plaintiff herein. The policy was in force on November 13, 1963, when the insured was killed in an automobile accident.

Defendant brought an action against Equitable alleging that by the divorce decree she became the sole owner, assignee and irrevocable beneficiary of the aforesaid policy and requested the court to order Equitable to pay her the face amount of the policy plus the double indemnity thereunder. Subsequently plaintiff brought an action in chancery for a de-

claratory judgment against defendant and Equitable contending that the policy was held only as security for payment of the $9,000; that $8,000 remained unpaid at the death of Chester J. Meredith and therefore the estate of the deceased was entitled to the proceeds of the policy in excess of $8,000. By order of the court the cases were consolidated; Equitable was dismissed upon depositing the insurance proceeds with the Clerk of the Circuit Court. Defendant, answering the complaint for declaratory judgment, repeated the allegations of her complaint. Plaintiff replied that the double indemnity provision is a separate and distinct contract; that defendant was not named as beneficiary under the provision itself; that the divorce decree does not provide for assigning the double indemnity benefits to defendant, and that therefore defendant has no rights therein. On the grounds set forth in this reply plaintiff moved for summary decree. Upon consideration of the motion, the abstracted pleadings and suggestions in support of the motion, the chancellor decreed that defendant was entitled to the $10,000 face amount of the policy plus accumulations but not to the "double indemnity" payment; that plaintiff was entitled to the balance.* The court based its ruling on a determination that the double indemnity provision was a separate and distinct contract apart from the basic policy. Implicit in the ruling is a denial of plaintiff's claim that the insurance policy was transferred merely as security for the indebtedness under the divorce decree.

Defendant appeals from that part of the decree holding that she is not entitled to the double indemnity benefits. She contends that the double indemnity provision is not a separate and distinct

---

* The court ordered that defendant receive $10,302.86 and plaintiff $10,096.53.

contract but merely an additional indemnity to the primary policy increasing the face amount in case of accidental death; that since she was named as beneficiary on the face of the primary policy, she is entitled not only to the face amount of the policy but to the additional benefits as well. Plaintiff, in support of the ruling of the chancellor, points out that the double indemnity provision contains separate and distinct features not dependent upon the primary policy: (1) it provides for the payment of a separate and additional premium; (2) it can be terminated upon default of payment of the additional premium, without prejudice to the primary contract of insurance; (3) it can be terminated in a specified manner without adversely affecting the primary contract of insurance; (4) it is signed, as is the basic policy, by the insurance company officers. From this postulate that the primary policy and the additional indemnity agreement are separate and distinct contracts, plaintiff argues that since only the primary policy was assigned and the double indemnity provision itself does not provide for a beneficiary, the proceeds of the additional indemnity inure to the benefit of the decedent's estate.

■■ We cannot agree with plaintiff's rationalizations. A contract is not divisible where the parties assented to all the promises as a single whole so that there would have been no bargain whatsoever if any promise or set of promises were struck out. 6 Williston, Contracts § 863 (3rd Ed 1962). Certainly the double indemnity protection would not be available for a $3.50 premium without the primary policy. In fact, this protection ends if for any reason the primary policy is terminated. The court in Rhine v. New York Life Ins. Co., 273 NY 1, 6 NE2d 74, held that a separate undertaking to pay disability benefits under a life insurance policy was not a severable contract,

even though an additional premium was charged therefor. The court stated at page 79:

Since it is undisputed that the defendant would not have consented to the bargain for disability benefits unless it was made as part of a policy for life insurance, and since the provision for disability benefits can survive only as part of the policy, it is difficult to understand how the provision for disability benefits can be regarded as an independent agreement made in exchange for an independent consideration.

The fact that there is a separate premium for the double indemnity protection and the coverage is terminable without prejudice to coverage under the primary policy does not convincingly support plaintiff's position. In Equitable Life Assur. Soc. v. MacKirgan, 86 F2d 271, the court interpreted a life policy providing ordinary life, double indemnity and disability insurance. The policy stated that $3.80 was included for the double indemnity and $12 for the disability benefits; that on any anniversary of the policy either or both of these insurances could be discontinued without prejudice to the primary coverage; and that if the entire premium was not paid, the whole policy lapses together. The court at page 274 said that "we are of the opinion that the policy, though providing for three benefits on diverse contingencies, is a single contract for a single premium."

The additional indemnity agreement is itself termed "provision," and specifically states that it is "attached to policy No. 15,016,278" (the number of the primary policy). The initial clause thereof further provides that "this provision is issued as part of said policy in consideration of the payment of the additional premium stated above." The signatures of the company officers on the provision itself are necessary

because the double indemnity protection constitutes a separate promise for additional consideration. However, while the promises themselves are distinct and separate, they are nonetheless integral parts of a single policy. New York Life Ins. Co. v. McCane, 276 Ky 712.

Plaintiff strongly relies on Custer v. Lincoln Nat. Life Ins. Co. of Ft. Wayne, Ind., 141 Fed2d 144 (7th Cir 1944). In that case the court held that where an insurer was licensed for both life and accident insurance business a "supplemental contract" for double indemnity, although attached to a life insurance policy, was an independent accident policy. However, the court reached this determination to give effect to provisions of the Illinois statute * requiring exceptions in an accident insurance policy to be given the same prominence as benefits. We do not consider this case to be in point on the issue before us and cannot hold that it overrides the weight of the authorities referred to herein that an additional benefit provision is not separable from the primary policy.

We therefore reverse that part of the decree awarding $10,096.53 to the plaintiff and remand the cause to the Circuit Court with directions to award the proceeds of the additional indemnity provision to the defendant.

Reversed and remanded with directions.

McCORMICK, P. J. and ENGLISH, J., concur.

---

* Ill Rev Stats (1915) c 73, §§ 350(6), 360(2).