ON MOTION TO QUASH
McNULTY, Chief Judge.
One Walter Condon, the owner of lands located in the City of Sanibel and the true relator herein, requested the Attorney General for permission to prosecute on behalf of the Attorney General this quo warranto action challenging the validity of the City. Such permission was granted with the caveat that: “It is understood that [the Attorney General’s] office must retain control in this case. To that end, please keep [the Attorney General] advised of any action you take and furnish copies ‘of any pleadings filed herein.” The action was then filed in the name of the State of *178 Florida on the nominal relation of the Attorney General.
After hearing on the order to show cause why a writ of quo warranto ought not issue, and the response of the respondent-city thereto, the trial court denied the petition for writ of quo warranto finding, in effect, that the City of Sanibel was legally formed. The cause was dismissed with prejudice and Condon caused this appeal to be filed. The Attorney General has moved to quash for the reason that he has withdrawn from Condon his permission to further prosecute the case in his name and in the name of the State of Florida. We grant the motion to quash the appeal.
Prior to the institution of this action, § 165.30, F.S.1973, which authorized an owner of land within the territorial boundary of a city to institute quo warranto proceedings challenging the validity of the city in the name of the state, upon refusal of the Attorney General to do so, was repealed.[1] The petition herein seeks, therefore, a common law writ of quo warranto; and at common law the overwhelming weight of authority was that the Attorney General has absolute control of such a quo warran-to proceeding,[2] the rationale being that the state, not the relator, is the real party in interest.[3] This “absolute control” governs appeals as well.[4] Cases to the contrary involve particular statutes.[5]
Accordingly, the Attorney General’s motion to quash and dismiss this appeal should be, and it is hereby, granted.
BOARDMAN and GRIMES, JJ., concur.

. Chapter 74-192, Laws of Florida 1974.

. Cf. State ex rel. Attorney General v. Bryan (1905), 50 Fla. 293, 39 So. 929. See also State by Information of Hancock ex rel. Banks v. Elwell (1960), 156 Me. 193, 163 A.2d 342.

. See Robinson v. Jones (1873), 14 Fla. 256.

. See, e. g., People v. Wood (1952), 411 Ill. 514, 104 N.E.2d 800; People ex rel. Buchanan v. Mulberry Grove E. S. District (1945), 390 Ill. 341, 61 N.E.2d 256.

. See, e. g., State ex rel. Handlan v. Wilkie Land Company (1942), 349 Mo. 666, 162 S.W.2d 846; State ex rel. Black v. Taylor (1907), 208 Mo. 442, 106 S.W. 1023; State, by Hagglund, ex rel. Security Savings and Trust Company v. School Dist. No. 9 of Tillamook County (1934), 148 Or. 273, 31 P.2d 751.