REYNOLDS METALS COMPANY, Plaintiff-Appellant, *v.* V. J. MATTSON COMPANY, Defendant-Appellee.

Third District   No. 3—83—0531

Opinion filed July 6, 1984.

Masters & Stukel, of Joliet, for appellant.

James E. Garrison, of Garrison, Fabrizio & Hanson, Ltd., of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellant, Reynolds Metals Company (Reynolds), appeals from an order of the circuit court of Will County granting a motion to dismiss made by the defendant-appellee, V. J. Mattson Company (Mattson).

In 1979, a complaint was filed against Reynolds under the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*). In the same action, Reynolds filed a multiple count third-party complaint against Mattson seeking indemnification by alleging, *inter alia*, breach of contract for failure to provide insurance pursuant to the terms of a construction contract between the parties. The trial court granted Mattson's motion to dismiss this third-party complaint, but also granted Reynolds leave to file an amended third-party complaint.

Reynolds' amended third-party complaint was again multiple count; however, the breach of contract count failed to allege the theory of failure to provide insurance. Instead, Reynolds alleged breach of contract on Mattson's part for failure to indemnify Reynolds for Structural Work Act violations. A summary judgment in favor of Mattson was entered as to the amended complaint. No appeal was taken from this order although the underlying claim was settled and the case terminated.

Thereafter, on August 23, 1982, Reynolds filed the present action against Mattson seeking total indemnification for the settlement. The present complaint alleges, *inter alia*, breach of contract for failure to provide insurance pursuant to the terms of the construction contract. The trial court originally denied Mattson's motion to dismiss the present action because it found that as the trial court in the third-party proceeding had entered summary judgment on the basis of the amended third-party complaint which did not allege a theory of failure to provide insurance, the present action was not barred by the doctrine of *res judicata.* Subsequently, Mattson filed a motion to reconsider this ruling and to dismiss the complaint, which was granted.

Reynolds contends the complaint in the present action alleges a distinct cause of action not litigated in the previous third-party claim;

there was no adjudication on the merits in the previous litigation for failure to supply insurance; and the doctrine of *res judicata* does not apply to an abandonment of a cause of action. Mattson contends the complaint in the present action is barred by virtue of the order granting summary judgment in favor of Mattson in the previous third-party proceeding and the doctrine of *res judicata* is applicable to the abandonment of a cause of action.

The issue on appeal is whether the doctrine of *res judicata* is a bar to the present action. For the following reasons, we hold that it is a bar and, therefore, we affirm the decision of the trial court.

Under the doctrine of *res judicata*, a final judgment on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitute an absolute bar to a subsequent action involving the same claim demand or cause of action. (*People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851, 853.) The doctrine of *res judicata* is divided into the doctrines of estoppel by judgment and estoppel by verdict. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 64 N.E.2d 450.) Estoppel by judgment applies in all cases where the second suit is upon the same cause of action and is between the same parties or their privies. This doctrine extends not only to questions actually litigated and decided, but to all grounds of recovery or defense which might have been presented in the first suit. (*Bandringa v. Bandringa* (1960), 20 Ill. 2d 167, 170 N.E.2d 116.) "When a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it." *People v. Kidd* (1947), 398 Ill. 405, 408-09, 75 N.E.2d 851, 854.

There is no issue on appeal regarding jurisdiction and the parties to the present action are the same parties to the prior third-party litigation. The determination of this appeal rests on whether the cause of action is the same in both proceedings and whether there was a final judgment on the merits in the prior proceedings.

■ Reynolds' contention that the construction contract is severable because the contract's provisions as to indemnification and insurance are not made dependent on each other, thereby giving rise to more than one cause of action based upon the contract, is misplaced. A contract is not divisible where the parties assented to all the promises as a single whole so that there would have been no bargain at all if any promise or set of promises were struck out. (*Meredith v. Knapp*

(1965), 62 Ill. App. 2d 422, 211 N.E.2d 151; *Bonner v. Westbound Records, Inc.* (1979), 76 Ill. App. 3d 736, 394 N.E.2d 1303.) The purpose of the two clauses in the construction contract in the present case is to indemnify Reynolds; one source of indemnification to come directly from Mattson and the other source to come from insurance. Nothing in the nature of the provisions indicates they were divisible or not part of an agreement considered as an entirety. Therefore, the contract is not severable and there is only one cause of action, *i.e.,* indemnification.

Even if, as Reynolds argues, these two theories do represent separate causes of action, the dismissal of the failure to supply insurance count in the original third-party complaint was an adjudication on the merits and, therefore, a bar to the insurance claim in the present action.

Reynolds contends there was no adjudication on the merits of the cause of action based upon Mattson's failure to supply insurance in the previous litigation. Reynolds reasons that the dismissal of the claim for failing to furnish insurance was comparable to either a voluntary nonsuit or a dismissal for want of prosecution, and, therefore, in either case an adjudication other than on its merits.

In the original third-party complaint, the count for failing to supply insurance was dismissed by the trial court on Mattson's motion without any indication as to the reason or basis for the dismissal. Supreme Court Rule 273 (87 Ill. 2d R. 273) states: "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." In the present action, Mattson, not Reynolds, moved for and was granted a dismissal in the third-party proceeding. The dismissal was, therefore, involuntary and it did not fall within one of Rule 273's exceptions.

■■ The dismissal would have become a final order had Reynolds elected to stand on the original third-party complaint. However, Reynolds moved for and was granted leave to file an amended complaint. In its amended complaint, Reynolds did not plead over the breach of contract count for failure to supply insurance. Therefore, the motion to dismiss the original third-party complaint remained final as to the failure-to-supply-insurance count. Because the dismissal was involuntary and with prejudice, the dismissal of the insurance count was an adjudication on the merits which bars the same claim in the present litigation.

Reynolds contends that the doctrine of *res judicata* does not ap-

ply to an abandonment of a cause of action; however, no authority was given regarding this proposition. Instead, Reynolds again proposes that the dismissal of the original third-party complaint was akin to a dismissal for want of prosecution and cites cases which hold that a dismissal for want of prosecution is not an adjudication on the merits. Because we find the dismissal of the original third-party complaint not to be for want of prosecution, the authority cited by Reynolds is not persuasive that the doctrine of *res judicata* does not apply to the abandonment of a cause of action.

For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

Affirmed.

SCOTT and HEIPLE, JJ., concur.