J. P. WOOLARD, Plaintiff, v. UNITED STATES STEEL CORPORATION *et al.*, Defendants (P & S Grain Company, Inc., Defendant-Counterplaintiff; United States Steel Corporation, Defendant and Counterdefendant and Third–Party Plaintiff-Appellee; Peabody Coal Company, Third–Party Defendant-Appellant).

Fifth District   No. 5—87—0233

Opinion filed March 3, 1988.

Thompson & Mitchell, of Belleville (William A. Schmitt, of counsel), for appellant.

Larry E. Hepler and Peter E. Carlson, both of Burroughs, Simpson, Hepler & Broom, of Edwardsville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Peabody Coal Company was granted leave to appeal under Supreme Court Rule 308 (107 Ill. 2d R. 308) from the order of the circuit court of Madison County denying its motion to dismiss filed under section 2—619(a)(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(4)). The motion sought dismissal of the third-party complaint of appellee, United States Steel Corporation, because the third-party action was barred by principles of *res judicata* as a prior judgment in its favor involving the identical third-party action was entered in the circuit court of Madison County and became

final when not reversed on appeal.

In 1979 plaintiff, J. P. Woolard, an employee of Peabody, filed a products liability action against United States Steel and P & S Grain Company alleging injuries caused by the use of anhydrous ammonia manufactured and supplied by defendants. In 1981 United States Steel filed a third-party action seeking contribution from Woolard's employer, Peabody, under the Contribution Act. Ill. Rev. Stat. 1979, ch. 70, par. 301 *et seq.* (eff. Sept. 14, 1979).

In 1983, following discovery, United States Steel filed a motion for summary judgment alleging Woolard's action was time barred by the two-year statute of limitations. Peabody Coal also filed a motion for summary judgment against United States Steel arguing the same ground and the additional ground that even if plaintiff's action were not barred, because of application of the "discovery rule," his cause of action necessarily had to have arisen before the date the Contribution Act allowed an action for contribution to be brought.

On October 18, 1983, the trial court entered orders allowing the respective motions for summary judgment. Plaintiff Woolard then perfected an appeal against United States Steel. No appeal or cross-appeal was taken by United States Steel from the summary judgment entered on behalf of Peabody in the third-party action, and although Woolard's notice of appeal designated Peabody as an appellee, and subsequent pleadings were served on Peabody, in response to Peabody's special appearance this court entered the following order over the objection of United States Steel:

> "As third-party defendant, Peabody Coal Company was not a party to the original action and no issues pertaining to the third party action have been preserved for review, third-party defendant Peabody Coal Company is not an appellee before this court."

On December 27, 1984, by unpublished order, this court reversed the judgment of the trial court holding that it was a question of fact, applying the discovery rule, as to when Woolard knew or reasonably should have known of his injury and that it was potentially wrongfully caused. (*Woolard v. United States Steel Corp.* (1984), 129 Ill. App. 3d 1169.) After remand, on January 22, 1986, United States Steel again filed the identical third-party complaint seeking contribution from Peabody.

In denying Peabody's motion to dismiss, the trial court found, apparently applying some principle of fundamental fairness, that the prior decision of the circuit court of Madison County was premised only on the defense of the statute of limitation in dismissing United

States Steel's third-party complaint. Peabody had an alternative ground for relief that Woolard's action arose prior to the date that actions for contribution could be brought. Peabody never had an opportunity to advance this argument to sustain the judgment in its favor as it was not a party to the prior appeal.

■■ But all this is of no moment as we believe United States Steel's third-party action is barred under well-established principles of *res judicata* regardless of the theories of nonliability that were, or could have been, litigated between third-party plaintiff and Peabody. (See *Reynolds Metals Co. v. V. J. Mattson Co.* (1984), 125 Ill. App. 3d 554, 466 N.E.2d 357.) This is simply a second suit on the same cause of action that was finally decided on the merits in favor of Peabody, third-party defendant. The judgment became final and unassailable when not reversed on appeal. Under Supreme Court Rule 273 (107 Ill. 2d R. 273), an involuntary dismissal of an action operates as an adjudication on the merits unless the order of dismissal states otherwise. The dismissal of United States Steel's original third-party action was clearly on the merits, and we do not understand it to now contend otherwise.

■■ United States Steel's third-party complaint was disposed of on the merits and was a final judgment that was not reversed on appeal. (*Bronstein v. Kalcheim* (1983), 126 Ill. App. 3d 643, 467 N.E.2d 979.) That the trial court may have been incorrect in its ruling is of no consequence if the judgment is not reversed on appeal and, therefore, becomes binding on the litigants. See *Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 519, 452 N.E.2d 1383, 1389.

The judgment of the circuit court of Madison County is reversed.

Reversed.

HARRISON, P.J., and WELCH, J., concur.